390 So.2d 1306 (1980)
STATE of Louisiana
v.
Thomas Ray JERNIGAN.
No. 67213.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
Ferdinand J. Kleppner, Grisbaum & Kleppner, Metairie, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Aubert D. Talbot, Dist. Atty., Abbott J. Reeves, Asst. Dist. Atty., for plaintiffs-respondents.
*1307 BLANCHE, Justice.
The defendant, Thomas Ray Jernigan, was charged by bill of information with the crime of possession of marijuana in violation of La.R.S. 40:966(C). The trial court denied the defendant's motion to suppress evidence seized as a result of a warrantless search of his vehicle. We granted this Writ of Certiorari to review the trial court's finding that the warrantless search was justified as a valid inventory search of a vehicle. Upon a closer examination of the record we find that a valid inventory search of the vehicle was made by the arresting officer and this writ is recalled.
The following facts were adduced at the motion to suppress hearing: On October 10, 1979, at approximately 11:49 p. m., State Police Trooper G. Van Dawson stopped a brown 1971 Oldsmobile on U. S. Highway 61 in the vicinity of Gonzales, Louisiana, in Ascension Parish. Officer Dawson had clocked the vehicle travelling 94 miles per hour in a 55 miles per hour zone. The defendant, who was driving the car, was carrying an out of state driver's license. Because of this the officer informed the defendant that he would have to follow him to Ascension Parish Sheriff's Office in Gonzales in order to post bond for the speeding offense. As the parties were proceeding to Gonzales, Officer Dawson noticed the defendant's car, which was very close behind him, repeatedly weaving across the center line of the highway. Thereupon, the officer pulled the car to the side of the road in front of the Colonial Drive Inn in Gonzales. At this time the defendant was arrested on a charge of driving while intoxicated, handcuffed and placed in the back seat of the patrol car. Officer Dawson testified that he did not entrust the vehicle to the two passengers accompanying the defendant because they had been drinking and neither had a valid driver's license. The officer called on the Ascension Parish Sheriff's unit to transport the two passengers to the Sheriff's Office where they could make further transportation arrangements. He told the defendant that his car would have to be stored, and summoned a wrecker service. The officer proceeded to inventory the car, without obtaining defendant's consent, and discovered a quantity of marijuana in the glove compartment.
It is undisputed that a warrantless search and seizure occurred in this case. Hence, the burden of proof was upon the state to show affirmatively that the search and seizure were justified under one of the well-recognized exceptions to the warrant requirements of the Fourth Amendment and the state constitution. State v. Hatfield, 364 So.2d 578 (La.1978); State v. Braud, 357 So.2d 545 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
The state claims that the evidence was seized pursuant to a valid inventory search. Accordingly, the state bears the burden of showing that the impoundment of the defendant's vehicle was necessary, and the inventory of the vehicle's contents was necessary, and reasonable in its scope. State v. Jewell, 338 So.2d 633 (La.1976). Some of the factors which this Court has considered significant in determining if the state has carried its burden are whether: the vehicle could have remained safely at or near the place it was stopped; the search was conducted in the field; formal impoundment procedures were followed; the tow truck was called before commencing the search; the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would consent to the agency's failure to afford him the protection of an inventory search; arrangements could have been made for someone designated by the operator to take possession or protective custody of the vehicle for him. State v. Killcrease, 379 So.2d 737 (La. 1980); State v. LaRue, 368 So.2d 1048 (La. 1979); State v. Schmidt, 359 So.2d 133 (La. 1978); State v. Hatfield, supra; State v. Gaut, 357 So.2d 513 (La.1978); State v. Rome, 354 So.2d 504 (La.1978).
Applying these factors to the present case we conclude that the state has shown that the impoundment was necessary and the inventory of the automobile's contents was required.
First, the vehicle was stopped on the side of the heavily travelled highway inside the city limits of Gonzales at midnight in front of the Colonial Drive Inn. Under these *1308 circumstances, the vehicle was in a place and at a time when it was necessary to remove it for both reasons of safety and security.
After the defendant was stopped the second time, he was placed under arrest for driving while intoxicated and placed in the trooper's vehicle. At this point, the trooper testified that he tried to get one of the two passengers in the defendant's automobile to drive, but they both had been drinking and neither had a driver's license. It was at this time that Trooper Dawson advised the defendant that he would have to store his vehicle. In accordance with standard procedure, he requested troop headquarters to send him the next wrecker off the "wrecker list" and Don's Wrecker Service was called to the scene. Thereafter, the trooper began to inventory the contents of the automobile and found a bag of marijuana in the glove compartment.
We completely agree with the following reasons given by the trial judge in denying the motion to suppress:
"The court feels, after listening to the evidence in this case, that the state has sustained the burden. That court does not feel, in this particular case, that the inventory was a subterfuge for a warrant of search. The court feels that the officer was truly, and diligently, trying to make an inventory of the contents of this vehicle. And, all circumstances being what they were, this vehicle being stopped on the shoulder of a public highway, at twelve, shortly after midnight; with a foreign license; with three individuals (he testified that he explored the possibility of releasing the vehicle to the occupants of the car, that not being possible), because of the circumstances, of their not having a valid license, and because of the further circumstances, of the possibility of they too, may have been drinking alcoholic beverages. The court feels, that the state has carried forth its burden, and the court orders that the motion to suppress be dismissed."
For the foregoing reasons, the ruling of the trial judge on the motion to suppress is sustained, and the writ previously issued herein is recalled, vacated, and set aside.
Writ recalled.
DIXON, C. J., and CALOGERO, J., dissent.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
I could not agree with the majority opinion's statement of the pertinent legal percepts any more, even if I had written it myself. It is only with the majority's application of the precepts to the facts of this case that I disagree.
It is undisputed that a warrantless search and seizure occurred in this case. Hence, the burden of proof was upon the state to show affirmatively that the search and seizure were justified under one of the well-recognized exceptions to the warrant requirements of the Fourth Amendment and the state constitution. State v. Hatfield, 364 So.2d 578 (La.1978); State v. Braud, 357 So.2d 545 (La.1978); State v. Franklin, 353 So.2d 1315 (La.1977).
The state claims that the evidence was seized pursuant to a valid inventory search. Accordingly, the state bears the burden of showing that (1) the impoundment of the defendant's vehicle was necessary, and (2) the inventory of the vehicle's contents was necessary, and reasonable in its scope. State v. Jewell, 338 So.2d 633, 638, citing Annotation, Inventory Search of Impounded Vehicles, 48 A.L.R.3d 537, 544 (1973). See also, 2 LaFave, Search and Seizure, A Treatise on the Fourth Amendment, § 7.4(a) (1978). Some of the factors which this Court has considered significant in determining if the state has carried its double burden are whether: the vehicle could have remained safely at or near the place it was stopped; the search was conducted in the field; formal impoundment procedures were followed; the tow truck was called before commencing the search; the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would consent to the agency's failure to afford him the protection of an inventory *1309 search; arrangements could have been made for someone designated by the operator to take possession or protective custody of the vehicle for him. State v. Killcrease, 379 So.2d 737 (La.1980); State v. LaRue, 368 So.2d 1048 (La.1979); State v. Schmidt, 359 So.2d 133 (La.1978); State v. Hatfield, supra; State v. Gaut, 357 So.2d 513 (La. 1978); State v. Rome, 354 So.2d 504 (La. 1978).
Applying these factors to the present case I conclude that the state failed to show either that the impoundment was necessary or that an inventory of the car's contents was required. First, the vehicle was stopped on the side of a highway inside the city limits of Gonzales in front of the Colonial Drive Inn; one of the defendant's companions offered to stay with the vehicle while he was booked at the station in the same town. The record is devoid of any convincing evidence that the vehicle could not have been left locked and under the watch of the companion at or near the place it was stopped. Second, the defendant was not asked for his consent to the search; he was not asked to consent to waive the protection of an inventory search; the officer was unable to produce the inventory record at the motion to suppress hearing; and the search was conducted in the field rather than the place of impoundment. Moreover, the record is not clear whether the tow truck was called before or after the search began. In my opinion, the totality of the evidence fails to show that either the impoundment of the vehicle or the inventory search were necessary to the arrest of the defendant for DWI and speeding in this case.