426 So.2d 323 (1983)
STATE of Louisiana, Plaintiff-Respondent,
v.
Donald Wayne OSBON, Defendant-Relator.
No. 15097-KW.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
*324 Ned D. Wright & Associates by Daniel P. Parker, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Johnny Parkerson, Dist. Atty., and Geary S. Aycock, for plaintiff-respondent.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
The defendant was charged by bill of information with the crime of possession of marijuana in violation of LSA-R.S. 40:966. Defendant filed a motion to suppress evidence obtained in the course of an allegedly illegal search of his automobile by a police officer without a warrant or probable cause. After a hearing on the motion to suppress the trial court found that the warrantless search was justified as a valid inventory search of the vehicle and overruled defendant's motion to suppress. It was stipulated by the state and the defendant that the same evidence adduced at the hearing on the motion to suppress be considered as evidence at the trial of the merits of the case. Based on this evidence the defendant was found guilty and sentenced to pay a fine of $400 and to serve 10 days in the parish jail. Defendant's application for writs was granted to review the trial court's ruling on the motion to suppress and defendant's conviction based on the evidence sought to be suppressed.
On April 12, 1982 the defendant was stopped by a Monroe police officer for traveling 55 miles per hour in a 40 mile-per-hour zone. The defendant drove his car off of the street and parked it in a J.C. Penney parking lot. The officer detected alcohol on the breath of the defendant and after conducting a field sobriety test placed the defendant under arrest for speeding and driving while intoxicated.
The officer advised the defendant that he could not leave his automobile parked in the *325 Penney's parking lot and asked if there was anyone who could be called to come pick up the automobile. The defendant stated that he did not want the vehicle moved. The officer explained to the defendant that if someone did not come for the vehicle he would have to call for a wrecker and have the vehicle towed away. The defendant again stated that he wished his vehicle to remain where it was. A wrecker was called. The arresting officer instructed another officer who had arrived at the scene to wait for the wrecker and to inventory the vehicle, and the arresting officer took the defendant to the police station.
During the course of inventorying the interior of the automobile the other officer found a plastic bag containing 8.82 grams of marijuana in the console of the car.
The officers testified that it is a standard police department policy that a vehicle not be left at the scene of an arrest in order to protect against possible vandalism of the vehicle. When the driver of a vehicle is arrested and there is nobody such as a relative or friend to whom the vehicle can be released, it is departmental policy to call a wrecker and to inventory the vehicle before it is released to the wrecker company in order to protect the arrested person's property and the department from liability.
Defendant contends that the trial court erred in denying his motion to suppress and subsequently admitting into evidence the seized marijuana. Defendant emphasizes that there was no need or necessity to impound the automobile and, consequently, no necessity to conduct an inventory search. Defendant argues that he was not given the opportunity of waiving an inventory and that the automobile could and should have been left on the Penney's parking lot as requested by the defendant.
The burden of proof is upon the state to show affirmatively that this warrantless search and seizure was justified under one of the well-recognized exceptions to the warrant requirements of the federal and state constitutions. State v. Hatfield, 364 So.2d 578 (La.1978). Since the state claims that the evidence was seized pursuant to a valid inventory search it bears the burden of showing that impoundment of the defendant's vehicle was necessary and that inventory of the vehicle's contents was necessary and reasonable in its scope. State v. Crosby, 403 So.2d 1217 (La.1981); State v. Jewell, 338 So.2d 633 (La.1976). Some of the factors considered significant in determining if the state has carried its burden are whether: the vehicle could have remained safely at or near the place it was stopped; the search was conducted in the field; formal impoundment procedures were followed; the tow truck was called before commencing the search; the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would consent to the agency's failure to afford him the protection of an inventory search; arrangements could have been made for someone designated by the operator to take possession or protective custody of the vehicle for him. State v. Jernigan, 390 So.2d 1306 (La.1980).
The Louisiana Supreme Court has ruled that before an inventory search can be determined to be valid there must be a showing that the impoundment of the vehicle was necessary. State v. Jewell, supra. The inventory search is a narrow exception to the requirement of a search warrant and the requirement of probable cause. Because of the possibility of its misuse the supreme court has held that to be valid an inventory search must be strictly limited to the practical purposes which justify it, those purposes being protection of the occupant from the loss of property and the protection of law enforcement agencies against the occupant's claim for failure to guard against such loss. State v. Rome, 354 So.2d 504 (La.1978); State v. Gaut, 357 So.2d 513 (La.1978); State v. Killcrease, 379 So.2d 737 (La.1980); State v. Hardy, 384 So.2d 432 (La.1980).
In the present case the defendant's car was parked in a parking lot. There were other cars parked in the lot, apparently left there for the night. There is no indication in the record that the automobile was not safely parked and could not have been left *326 where it was as the defendant requested with reasonable safety and without interference with traffic or the use of the parking lot by the department store and its customers. The defendant was not asked if he consented to a search nor was he asked if the car contained valuables, nor was he given the opportunity to waive an inventory of his vehicle or waive any claim for loss against the law enforcement agency. The fact that he repeatedly requested that the automobile be left where it was would seemingly amount to a waiver of any claim he might have for loss arising out of anything that might have occurred by reason of the automobile being left on the parking lot.
In State v. Crosby, supra, the Louisiana Supreme Court held that impoundment of a vehicle was not necessary where the vehicle was stopped a short distance from the parking area of the LSU Golf Course and the vehicle could have very easily been moved to this parking lot. The court further held that the policy of the police department that only family members could take possession of an arrestee's vehicle was overly restrictive and raised the suspicion that the policy was intended as a subterfuge for warrantless searches without probable cause. The same can be said for a policy which requires impoundment of a vehicle in every instance where the driver is arrested and cannot or will not make arrangements for someone else to take possession of the vehicle regardless of other attendant circumstances. The question of whether impoundment of a vehicle is required and an inventory of the contents of the vehicle is justified must be answered by the particular facts, circumstances, and exigencies of each case, not by an inflexible police department policy which does not take into consideration factors bearing on necessity of the impoundment such as whether the vehicle is safely parked or whether the owner waives the protection of impoundment and inventory.
The state failed to prove that the impoundment of the vehicle in this case was reasonably necessary. It follows that the impoundment and inventory search of the vehicle were not justified as an exception to the warrant and probable cause requirements of the federal and state constitutions. The trial court erred in denying the motion to suppress and in allowing the illegally seized evidence to be offered at the trial of the case.
Accordingly the defendant's conviction and sentence are set aside and the case is remanded for a new trial in accordance with law.