427 So.2d 1233 (1983)
STATE of Louisiana, Respondent,
v.
Randall Bernell MOAK, Relator.
No. 15112-KW.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
*1234 Joe D. Wray, Monroe, for relator.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Joseph T. Mickel, Asst. Dist. Atty., Monroe, for respondent.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
*1235 HALL, Judge.
The defendant was charged by bill of information with the crime of possession of marijuana in violation of LSA-R.S. 40:966. Defendant filed a motion to suppress evidence obtained in the course of an allegedly illegal search of his automobile by a parish sheriff's deputy without a warrant or probable cause. The motion was denied by the trial court. On defendant's application, we granted writs to review the decision of the trial court on the motion to suppress. After review, we now recall the writs granted and affirm the ruling of the trial court.
During the early morning hours of June 13, 1982, the Ouachita Parish sheriff's department received a report that a person was armed at a Monroe nightclub. Soon after the receipt of that report, another was made informing the sheriff's department that the person had left the nightclub in a truck. A third call was then received, this time from the defendant wanting to file charges against the employees of the nightclub. The sheriff's office sent a unit to the gas station where the defendant was calling in his complaint. Defendant's truck was parked at the station, and a rifle was on the seat of the truck. Defendant appeared to have been drinking. The defendant was advised of his rights, placed in custody, and taken back to the nightclub, where he was identified by club employees as the individual they had originally reported. Pursuant to this identification, the defendant was placed under arrest for aggravated assault.
The arresting officer and the defendant then returned to the gas station where two auxillary officers had remained with the defendant's locked truck. The defendant was then informed that his truck would have to be removed from the gas station premises. He was asked if he had any preference as to wrecker services and he stated that he did not have a preference. Defendant testified he told the officers he wished the truck to remain at the station until he could call his sister and have her pick up the truck. His sister lives in Calhoun, Louisiana, about 20 miles away from the gas station. The request was denied and a wrecker was called. Before the wrecker arrived, the officer began to inventory the vehicle. During the inventory the officer noticed several hand-rolled cigarettes in the open ashtray of the vehicle. Upon further investigation, these cigarettes were discovered to be marijuana cigarettes. The defendant was then arrested for possession of marijuana.
The defendant contends that the trial court erred in denying his motion to suppress. The defendant emphasizes that there was no necessity to impound the truck and therefore no need to conduct an inventory search. The defendant argues that his vehicle could have been picked up by his sister from Calhoun. He also argues that he was not given the opportunity to waive the inventory.
The inventory search is a narrow exception to the requirement of a search warrant and the requirement of probable cause. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); State v. Jewell, 338 So.2d 633 (La. 1976). To fit within this exception, the State has the burden of proving that the impoundment of the defendant's vehicle was necessary and that the inventory of the vehicle's contents was necessary and reasonable in its scope. State v. Sims, 426 So.2d 148 (La.1983); State v. Crosby, 403 So.2d 1217 (La.1981); State v. Hatfield, 364 So.2d 578 (La.1978).
Some of the factors considered significant in determining if the State has carried its burden are whether: the vehicle could have remained safely at or near the place it was stopped; the search was conducted in the field; formal impoundment procedures were followed; the tow truck was called before commencing the search; the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would consent to the agency's failure to afford him the protection of an inventory search; arrangements could have been made for someone designated by the operator to take possession or protective custody of the vehicle for him. State v. Jernigan, 390 So.2d 1306 (La.1980).
*1236 In State v. Osbon, 426 So.2d 323 (La. App. 2d Cir.1983), we set aside the conviction of the defendant in circumstances somewhat similar, but different in significant aspects, to the instant case. In that case, the defendant who was arrested for DWI had parked his vehicle in a shopping center parking lot. We held that under the particular circumstances of that case where the vehicle could remain safely parked and would not interfere with the public, it was not reasonably necessary to remove it against the owner's wishes.
In the instant case, the defendant's truck was parked at a gas station. Its presence might have interfered with the operations of the station the following day. Testimony by the officers indicated that valuables inside the truck could be seen from outside the truck. There were valuables located in the bed of the truck. It was reasonable for the officers to conclude that the vehicle should not be allowed to remain at the station overnight.
The officers acted reasonably in denying the defendant's request to call his sister to retrieve the automobile, if in fact such a request was made. The record indicates that the sister lived 20 miles away in Calhoun. Granting defendant's request would have taken an inordinate amount of time and was not a reasonable alternative to impoundment of the vehicle.
Concerning the officers' failure to afford the defendant the opportunity to waive the inventory, we note that the recent Supreme Court decision in State v. Sims, supra, upheld an inventory search where impoundment of a vehicle was found to be reasonably necessary, even though the defendant was not given an opportunity to waive the inventory. In upholding the inventory, the court noted that the inventory was conducted for the purpose of protecting the defendant's valuables which were clearly visible from the outside of the vehicle. The court stated that:
"The search was not conducted to secure evidence, but merely to inventory the vehicle's contents, in order to safeguard them, as incident to the vehicle's necessarily being taken into lawful police custody. State v. Killcrease, 379 So.2d 737 (La.1980); State v. Hatfield, 364 So.2d 578 (La.1978); State v. Gaut, 357 So.2d 513 (La.1978)." (Italics supplied)
In the instant case, the impoundment was necessary in order to remove the truck from a place where it could interfere with traffic and the operation of a business. Inventory of the valuables located both within the cab of the truck and in the bed of the truck was necessary for the protection of the defendant's property.
Officers conducting an inventory may inventory valuables in any place where it is likely that the vehicle owner would store anything of value and may seize contraband in their plain view while conducting the search. State v. Jewell, supra.
The officer first saw cigarettes which appeared to be marijuana cigarettes because they were short and hand-rolled when he was standing outside the truck. A closer cursory examination by the officer confirmed his suspicions about the cigarettes. Seizure of this contraband, in plain view of the officer, is clearly reasonable and valid in light of the standard set forth in State v. Jewell, supra.
The State met its burden of proving the impoundment was necessary and the inventory reasonable in scope. The trial court ruled correctly in denying the defendant's motion to suppress.
Accordingly, the writ is recalled, the ruling of the trial court on the motion to suppress is affirmed, and the case is remanded to the district court for further proceedings.