FRED W. JONES, Jr., Judge.
We granted a writ in this matter to consider the defendant Green’s contention that the trial judge erred in denying a motion to suppress evidence seized pursuant to a warrantless search of his automobile.
On the night of April 2, 1985 Green was stopped for speeding by Trooper Campbell in a rural area south of Homer. Detecting an odor of alcohol and observing that Green appeared to be unsteady on his feet, the officer administered a field sobriety test which the motorist failed. Green was then placed under arrest for driving while intoxicated.
Green, a car dealer, had recently purchased the vehicle and did not have title or registration papers to prove ownership. Campbell conducted a “quick inventory” of the car but found nothing of any consequence. McKenzie Brothers, operator of a wrecker service in Homer, was contacted, sent out a wrecker, and removed the automobile to its garage for security purposes. Green was taken to the sheriff’s office in Homer for booking.
While the required paperwork was being done, Campbell was informed by another officer that Green had a drug record. In the meantime, Green had arranged for bail and told the officers that his wife would arrive from Bernice in about 20 minutes to pick him up.
Campbell and a fellow officer decided to immediately visit the garage where the Green car was being held and, with the benefit of better lighting, conduct a thorough search of the interior of the vehicle. During the ensuing warrantless search the officers discovered, positioned between the. driver’s seat and console, a small vial containing a white powdery substance later determined to be cocaine.
Green, charged with possession of cocaine, filed a motion to suppress the evidence, asserting that it was illegally seized.
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Guzman, 362 So.2d 744 (La.1978), cert. denied 443 U.S. 912, 99 S.Ct. 3103, 61 L.Ed.2d 876 (1979). With regard to vehicles, these recognized exceptions to the warrant requirement include inventory searches and searches based on probable cause to believe the vehicle contains contraband or evidence of a crime where there are exigent circumstances requiring an immediate search. *932 Absent a warrant, the state has the burden of proving that the search is justified by one of these exceptions to the warrant requirement. La.CCrP Article 703(D); State v. Redfearn, 441 So.2d 200 (La.1983).
A valid inventory search is strictly limited to the practical purposes which justify it, i.e., protection of the owner from loss of property and protection of law enforcement agencies from the owner’s claim for failure to guard against such loss. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); State v. Hardy, 384 So.2d 432 (La.1980); State v. Osbon, 426 So.2d 323 (La.App. 2d Cir.1983).
To fit within this exception, the State has the burden of proving that the impoundment of the defendant’s vehicle was necessary and that the inventory of the vehicle’s contents was necessary and reasonable in its scope. State v. Sims, 426 So.2d 148 (La.1983); State v. Moak, 427 So.2d 1233 (La.App 2d Cir.1983).
Absent an inventory situation, in order for a warrantless search of a vehicle to be constitutional, two conditions must exist: (1) there must be probable cause to believe that the vehicle contains contraband or evidence of a crime, and (2) there must be exigent circumstances requiring an immediate search. This is known as the “automobile emergency” exception. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Chaney, 423 So.2d 1092 (La.1983); State v. Taylor, 468 So.2d 617 (La.App. 2d Cir. 1985). The Louisiana Supreme Court in Guzman, supra, defined “exigent circumstances” as:
“[T]he impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants, if not arrested, or by someone else. An immediate warrantless search is, therefore, constitutionally permissible when ‘the car is movable, the occupants are alerted, and the car’s contents may never be found again if a warrant must be obtained.’ Chambers, supra. 362 So.2d at 748.”
Here, the initial roadside search was a valid inventory search incident to the vehicle’s necessarily being taken into lawful police custody. The defendant had been arrested and was on his way to the sheriff’s office. He had no proof of ownership of the vehicle.. The car was parked in an irregular manner, on the edge of a ditch. The impoundment was necessary in order to remove the car from a place where it could interfere with traffic, where it could easily fall into the ditch and be damaged, or fall prey to thieves or vandals during the coming night. As far as the officers knew, the true owner was not at hand to give permission to have another pick up the car or authorize it to be left there — thus waiving any claim against the police for loss or damage. The inventory search by Trooper Campbell at the scene was necessary to protect the true owner from loss of property and to protect the police from the owner’s claim for failure to guard against such loss. Osbon, supra; Hardy, supra.
The impoundment was necessary and the inventory search was necessary and reasonable in its scope. This initial search was valid. The issue for decision here is whether the second search fell within one of the recognized exceptions to the general prohibition on warrantless searches. We find it did not.
The car was towed and stored in the garage belonging to the wrecker service. The officers admitted they had given orders to the garage owner not to release the car to anyone unless that person could show the proper ownership papers. A more formal inventory was not done when the car arrived at the garage. The police did not apply for a warrant nor did they request that defendant give them permission to search. The car was simply parked and secured for the night with specific instructions regarding to whom it was to be released.
The second search was clearly not another inventory search. The valid inventory search ended when Trooper Campbell *933 finished looking around inside the car at the scene. In Redfearn, supra, the police did not search the car when the arrest was made although the court noted that a search at that time would have been constitutional. Because the location was dangerous (public street in front of a tavern), the officer chose to have the car impounded and then searched. In the case at bar, the officer decided to inventory the car at the scene. He was not entitled to continue to search the car at various intervals after impoundment and call these inventory searches. Nothing was found during the inventory and the car was secured by the wrecker service. The building was locked and the car was locked inside the building. The chances of theft or vandalism were remote. The purposes of the inventory search (protection of property/protection from claims) no longer applied.
The State attempts to justify the second search by use of the automobile emergency exception to the warrant requirement. It argues the officers had probable cause to believe the car contained contraband or evidence of a crime and that there were exigent circumstances requiring an immediate search. It refers to Trooper Campbell’s testimony that, while the defendant was pulling his car over, Campbell noticed him leaning over toward the passenger’s seat as though to push something under it. Trooper Campbell apparently did not attach much significance to this action because he was ready to release the vehicle at the scene of the traffic stop until he discovered defendant did not have the proper papers and defendant’s wife would take at least 30 minutes to arrive at the scene. Likewise, Trooper Campbell did not take steps to search the vehicle when it arrived at the garage. Only after he heard of the defendant’s prior drug conviction and that defendant’s wife was on her way to the station did he and Trooper Pepper decide to search. Knowledge of defendant’s prior conviction was not sufficient probable cause to believe the vehicle contained contraband. Even if there had been probable cause to search the car, exigent circumstances to justify a warrantless search did not exist.
Trooper Campbell testified he knew defendant had just purchased the car in Springhill. Therefore, it would have been highly unlikely for defendant’s wife to have the title papers with her. Further, the officers admitted that on many previous occasions they had given instructions to McKenzie Brothers not to release vehicles until the officers gave their personal approval. Consequently, the car was probably not going to be released that evening. In the alternative, had defendant’s wife arrived with the proper papers, the officers could have made application for a search warrant and told her that the car was being held for investigation and was not going to be released that night. To summarize, there was no probable cause to believe the Green vehicle contained contraband or evidence of a crime nor were there exigent circumstances requiring the car to be searched without a warrant.

Decree

For the reasons set forth, we conclude that the trial judge erred in denying the motion to suppress; make the writ peremptory and sustain the motion to suppress; and remand the case to the district court for further proceedings consistent with this opinion.