WILLIAMS, Judge.
This is an appeal of a decision by the trial court affirming the Louisiana State Racing Commission’s ruling suspending defendant Vernon Pullin’s owner/trainer’s license for three years and fining him $2,000.00.
In September of 1983, members of the Louisiana State Police Investigatory Unit conducted a search at Delta Downs Racetrack. The search yielded several syringes, 24 dilaudid pills and 95 mazindol pills. As a result of the search, defendant was suspended by the Racing Stewards and denied all racing privileges. The case was referred to the Louisiana State Racing Commission [“Commission”] for further action. After a hearing, the Commission suspended his license for three years and fined him $2,000.00. Defendant appealed that decision to the district court, which affirmed the Commission’s judgment. Defendant now appeals that decision to this court asserting three errors as the basis for his appeal: (1) that the Commission’s requirement that owners and trainers waive consent to warrantless searches as a prerequisite of obtaining a license is unconstitutional; (2) the decision that the search was conducted in accordance to provisions of the Commission’s own internal procedures was in error; and (3) that La.R.S. 4:175 does not authorize the Commission to take disciplinary action against the defendant.
Because we find that the warrant-less search was unconstitutional, we need not consider these issues. If a search is conducted by police officers without a warrant, then the burden is on the state, in this case the Commission, to prove that a warrant was not required. La.C.Cr.Pr. art. 703(E); State v. Keller, 403 So.2d 693, 696 (La.1981) and cases cited therein. In the instant case, the only evidence before this court to circumvent the warrant requirement is an assertion in brief by the commission that members of the Louisiana State Police Investigatory Unit have been appointed Stewards. La.R.S. 4:147 provides that the Commission may appoint other stewards, in its discretion. There is nothing in the'Revised Statutes or Commission rules, however, making such an appointment; rather it appears to have been simply a decision reached by the Commission. No evidence was presented at the Commission hearing below to indicate that the police officers had been appointed stewards by the Commission, and that they were acting in their capacity as stewards. The Commission failed to prove that the police officers were empowered to conduct such a warrantless search, and the search was therefore unconstitutional. E.g. State v. Aguillard, 357 So.2d 535 (La.1978).
*124 This is a decision made difficult because of the Commission’s failure to set forth and to prove a procedure by which these officers are appointed stewards. With no proof other than allegations made in brief and in oral argument, we cannot find that the men conducting the search were acting in any capacity other than as police officers.
Without the suppressed evidence, the evidence presented below clearly was insufficient to find defendant guilty of violating any standards set forth either in statute or rules promulgated by the Commission.
For the foregoing reasons, the decision of the trial court is REVERSED.
REVERSED.
SCHOTT, J., concurs.