357 So.2d 535 (1978)
STATE of Louisiana
v.
Gary Keith AGUILLARD.
No. 61001.
Supreme Court of Louisiana.
April 10, 1978.
*536 Monty L. Doggett, Trial Counsel, Makar, Whitaker & Doggett, Natchitoches, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., Andrew S. Vallien, Asst. Dist. Atty., Natchitoches, for plaintiff-appellee.
*537 CALOGERO, Justice.
Gary Keith Aguillard was charged by bill of information with possession of a controlled dangerous substance, cocaine, a violation of R.S. 40:967(C). After originally pleading not guilty defendant changed his plea to guilty while specifically reserving his right to seek appellate review of a pre-plea trial court ruling. Following his plea defendant was sentenced to serve three (3) years at hard labor in the custody of the Department of Corrections.
A plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings. However, by virtue of this Court's decision in State v. Crosby, 338 So.2d 584 (La.1976) a defendant may condition his plea upon the reservation for appellate review of specified pre-plea errors. See also, State v. Williams, 340 So.2d 1382 (La.1976). In the present case defendant has properly reserved his right to obtain appellate review of the trial court's denial of his motion to suppress. Accordingly our review of defendant's conviction and sentence is limited to a review of the trial court's refusal to suppress the evidence which was taken from defendant's person after a search which is alleged to have been incident to a lawful arrest.
The parties submitted the motion to suppress on the evidence presented at a preliminary hearing. That evidence, consisting exclusively of the testimony of the arresting police officer, reveals the following circumstances surrounding defendant's arrest and search.
Around 4:30 p. m. on September 14, 1976, Officer Danny Dison, a member of the Natchitoches Police Department, received a phone call from a "reliable informant," one who had given the officer information in the past. The informant told the officer that a male subject from out of town was in the company of Johnny "Speedy" Edwards, a known drug dealer in the area, and was selling cocaine. The informant contacted another police officer, Officer Delphin, around 5:00 p. m. On neither occasion did the informant give defendant's name or his description other than that he was male and from out of town. Acting on this information Officer Dison, in an unmarked police vehicle, drove around the city in an attempt to locate "Speedy" Edwards. Within a few minutes Dison observed Edwards at a service station situated on the highway with a male subject, later identified as defendant, standing on the passenger side of a vehicle. In the rear seat of the vehicle were another man and a woman. Dison passed again in front of the station and radioed for assistance. When assistance arrived, Dison drove into the station while another unmarked police vehicle approached from the opposite direction. When defendant noticed the second unmarked car he turned and ran in the opposite direction toward Officer Dison who apprehended him and placed him up against a vehicle. The officer then patted defendant down and seized six tin foil packets of cocaine from his right trouser pocket. Defendant was then placed under arrest and advised of his Miranda rights. Dison admitted that the packets of cocaine did not feel like a dangerous weapon during the patdown of defendant. He further testified that the three remaining subjects were also searched but, since no illegal drugs were found on their persons, they were released. After considering this evidence, the trial judge denied defendant's motion to suppress.
In our recent decision in State v. Franklin, 353 So.2d 1315 (La.1977) we related that a warrantless search and seizure is presumed to be unreasonable, and thereby violative of both federal and state constitutions, unless the state meets its burden of proving that the search was justified under one of the narrow exceptions to the rule requiring a search warrant. As also stated in State v. Lain, 347 So.2d 167, 170 (La. 1977): "It is clear that under the Fourth Amendment to the United States Constitution as well as Louisiana Constitution Article I, § 5, a warrantless search is `per se unreasonable' unless it falls within a limited number of well delineated exceptions to the warrant requirement."
*538 In the present case defendant was subjected to a full search and was not merely frisked for weapons. Such being the case the only possible exception applicable to the present situation is that of a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). See also, State v. Marks, 337 So.2d 1177 (La.1976). A search in such situations is permitted to facilitate discovery of weapons which might threaten the safety of the police and to prevent the concealment or destruction of evidence. State v. Marks, supra.
The state argues that the search was valid because defendant was under arrest at the time.[1] They contend that the fact that the arresting officer failed to announce that defendant was under arrest until after the search was conducted is of no consequence because the point at which a person is considered to be under arrest is not necessarily determined by the verbal expression of the arresting officer. Rather the state contends that defendant may be, and in fact was, under arrest in this instance, from the time he was apprehended by the arresting officer, i. e., the point where defendant's freedom of movement was unmistakably restrained.
It is of course true that an arrest may be effected simply upon apprehension and restraint. State v. Marks, 337 So.2d 1177 (La.1976). It is equally true, however, that apprehension and restraint may be a form of detention short of a purposeful arrest, or taking into custody. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1969). Even assuming that an arrest took place it must be shown that such arrest was lawful, that is, supported by probable cause.
Two pertinent inquiries, then, are did the officer have probable cause to arrest defendant, and did he in fact arrest defendant before searching him.
We find it unnecessary to answer the first of the foregoing questions. Had the officer felt that he had probable cause and acted on that belief by arresting defendant, we would perhaps conclude that probable cause existed in light of the facts which were cited hereinabove. Inasmuch as the officer did not decide to arrest defendant, irrespective of the actual apprehension and restraint (obviously an intended short detention), until he had first searched him and found the packs of cocaine, we find that he had not in fact arrested defendant prior to the search.[2] Therefore, the warrantless search was not lawful as there was no arrest, either lawful or unlawful, to which it could have been incident.

Decree
For the above reasons defendant's conviction and sentence, including his guilty plea, are vacated, and the case is remanded to the district court for further proceedings not inconsistent with the views expressed herein.
CONVICTION AND SENTENCE REVERSED, PLEA VACATED, CASE REMANDED.
SANDERS, C. J., and SUMMERS, J., dissent.
MARCUS, J., dissents and assigns reasons.
DENNIS, J., concurs and assigns reasons.
DENNIS, Justice, concurring.
An arrest occurred. However, there were no underlying circumstances to support the officer's determination that the *539 informant was in a position to know that defendant had drugs within his possession. Therefore, probable cause for arrest had not arisen at the time of the seizure of defendant's person.
I respectfully concur.
MARCUS, Justice (dissenting).
A reliable confidential informant had told police officers that a male subject from out of town was in the company of Edwards, a known drug dealer in the area, and was selling cocaine. After locating Edwards at a service station, the police officers drove into the station at which time they were observed by defendant. Defendant's flight from the approaching officers ripened the reasonable cause to stop defendant which was created by the earlier tip into probable cause to arrest defendant. When defendant was apprehended and placed under restraint against the vehicle, he was clearly under arrest. The subsequent search of defendant was justified as an incident to a lawful arrest. Accordingly, I respectfully dissent.
NOTES
[1] La.C.Cr.P. art. 201, provides:

Arrest is the taking of one person into custody by another. To constitute arrest there must be an actual restraint of the person. The restraint may be imposed by force or may result from the submission of the person arrested to the custody of the one arresting him.
[2] The officer testified rather pointedly that the arrest (which he did not announce until he had first patted the defendant down and discovered the cocaine) was based upon what he found in the search of defendant's person.