379 So.2d 737 (1980)
STATE of Louisiana
v.
James H. KILLCREASE.
No. 65378.
Supreme Court of Louisiana.
January 28, 1980.
*738 Jeffrey C. Calmes, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Joseph N. Lotwick, Warren Hebert, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
BLANCHE, Justice.
Defendant was charged with possession of an unregistered sawed-off shotgun in violation of La.R.S. 40:1785 and 40:1791. Defense counsel filed a motion to suppress the introduction into evidence of the shotgun on the basis that it was obtained as a result of an illegal and warrantless search and seizure. The state argued that the shotgun was seized during a valid inventory search. The trial court denied defendant's motion to suppress, and subsequently, defendant was convicted of the charges and placed on probation for eighteen months.
Two Louisiana State Police officers stopped defendant's pick-up truck as it was heading south on Florida Blvd. near Stevendale Rd. in Baton Rouge. Defendant was the sole occupant of the vehicle. Following a field sobriety test, defendant was arrested for driving while intoxicated. He has since plead guilty to the DWI charge. Pursuant to a standard inventory form, the officers proceeded without a warrant to search defendant's truck at the arrest scene and found a sawed-off shotgun on the floorboard of the truck.
The United States and Louisiana Constitutions prohibit unreasonable searches and seizures. La.1974 Const. art. 1, § 5; U.S. Const. Amend. 4. These provisions prohibit all warrantless searches in general, except in limited and exigent circumstances established by well-recognized exceptions. State v. Lain, 347 So.2d 167 (La. 1977); State v. Aguillard, 357 So.2d 535 (La.1978). The true inventory search of a motor vehicle is one of these exceptions. State v. Jewell, 338 So.2d 633 (La.1976); S. Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
A valid inventory search is conducted not on probable cause to secure evidence, but merely to inventory the vehicle's contents in order to safeguard them, as an incident to the vehicle's necessarily being taken into lawful police custody. The justification for the inventory search of a vehicle is to protect the occupant of the vehicle against loss of his property or the law enforcement agency against the occupant's claim for the failure to guard against such loss. State v. Jewell, supra; State v. Gaut, 357 So.2d 513 (La.1978).
*739 Because the inventory search is a narrow exception to the requirement of a warrant and the requirement of probable cause, it must be strictly limited to these practical purposes for which it is justified. State v. Gaut, supra. We have recognized that law enforcement officials on occasion have attempted to use this procedure as a subterfuge for a warrantless search without probable cause, for the primary purpose of seizing evidence for criminal proceedings. State v. Rome, 354 So.2d 504 (La.1978); State v. LaRue, 368 So.2d 1048 (La.1979). Thus, where the conduct of the police was inconsistent with their contention that the search was conducted for inventory purposes, we have found the search to be unlawful. Some of the factors which are significant in determining that a so-called inventory search was merely subterfuge are: that formal impoundment procedures were not followed; that the search was conducted "in the field"; that a tow truck was not called before commencing the search; that the car owner was not asked for his consent to the search, if his car contained valuables, if he would waive an inventory search, or if he could make other arrangements within a reasonable amount of time and with reasonable effort, to have someone pick up the vehicle. State v. LaRue, supra; State v. Schmidt, 359 So.2d 133 (La.1978); State v. Hatfield, 364 So.2d 578 (La.1978).
Some circumstances in the instant case do indicate the police conducted the search as an inventory for valuables. An inventory list was filled out, and apparently some discussion as to valuables ensued because the police were aware that defendant had certain valuables in the truck (a tool box in the back and a CB radio). Also, the officers called for a wrecker to pick up the truck. It is not clear, however, whether the call was made before or after the search. The officers claim they searched the truck after the call for the wrecker, whereas the defendant testified the officers started the search during the field sobriety test, indicating the search was conducted prior to the call for a wrecker. The police reports, which give the time of the search and the time of the call for a wrecker, also indicate the search was made prior to the call for a wrecker.
Even if the officers made the search after they called for a wrecker, we believe an illegal inventory search took place. The officers made no attempt to determine if an inventory search could have been avoided. Admittedly, they never asked the defendant if he consented to the search of the truck, or if he would waive his rights of a civil suit against the police department in the case of lost or stolen items, or if he could make other arrangements to have the vehicle picked up. At the motion to suppress, defendant testified that the officers refused his request that he be allowed to call his wife, who was three miles down the road, and ask her to come and get the truck. One officer testified that he did not remember the request, but if it was made, it would not have been granted.
If the defendant could have easily made arrangements for the vehicle other than having it impounded, or if he had been willing to waive his rights against the law enforcement agency for failure to guard against loss of his valuables, a justification for the inventory search would not have existed. In our opinion, the totality of the facts of the case indicate the search of defendant's vehicle was not reasonably restricted in scope so as to constitute a true inventory search. The search without a warrant was unreasonable and in violation of constitutional guarantees against unreasonable searches and seizures. The trial judge committed reversible error in denying defendant's motion to suppress the shotgun seized in the search.
For the reasons assigned, the conviction and sentence are reversed and set aside and the case is remanded for a new trial consistent with law and the views herein expressed.
Reversed and Remanded.
WATSON, J., dissents.