499 So.2d 283 (1986)
STATE of Louisiana
v.
Robert Paul CAREY.
No. 86 KA 0147.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*285 Thomas Waterman, Asst. Dist. Atty., Livingston, for plaintiff.
R. Bruce MacMurdo, John DiGiulio, Baton Rouge, for defendant.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
Robert Paul Carey, Jr. was charged by bill of information with possession of marijuana with intent to distribute and with possession of cocaine, violations of LSA-R.S. 40:966(A)(1) and R.S. 40:967(C), respectively. Defendant pled not guilty and filed a motion to suppress the seized contraband. Prior to hearing on the motion to suppress, defendant entered into a plea bargain with the state. After Boykinization, defendant pled guilty as charged. The bargain was ultimately accepted by the trial court. In pertinent part, the plea bargain provided for a specific sentence and expressly reserved defendant's right to appeal an adverse ruling on the then pending motion to suppress.
Hearing on the motion to suppress was conducted several months later. After an adverse ruling, the trial court sentenced defendant in accordance with the plea bargain. On the charge of possession of marijuana with intent to distribute, defendant received a ten year term of imprisonment at hard labor and a $10,000 fine. Defendant was sentenced to a concurrent five year term of imprisonment on the possession of cocaine charge. Execution of the terms of imprisonment were suspended, and defendant was placed on supervised probation for five years with special conditions.
Defendant brings this appeal urging five assignments of error which relate to the trial court's adverse ruling on the motion to suppress. A plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings. However, by virtue of the Louisiana Supreme Court's decision in State v. Crosby, 338 So.2d 584 (La. 1976), a defendant may condition his guilty plea upon the reservation for appellate review of specified pre-plea errors. State v. Aguillard, 357 So.2d 535 (La.1978).
In the instant case, the adverse ruling was not rendered until after defendant's guilty plea. The bargain fashioned by defendant and the state reserved appellate review of what was then only a contingent error. However, if we are not able to afford the accused his bargained for appellate review, we must set aside the guilty pleas. The pleas could not be characterized as voluntary, because of non-performance of the plea bargain (or the impossibility of the state to perform it) by virtue of which the pleas were obtained. State v. Crosby, supra.
Initially, we note defendant moved to suppress the seized contraband by the appropriate procedural vehicle. See State v. Brogdon, 426 So.2d 158 (La.1983). Defendant's motion to suppress was timely filed before trial. See LSA-C.Cr.P. art. 703. Louisiana Code of Criminal Procedure article 703 contemplates ruling on a motion to suppress prior to determination of guilt. Any such ruling is binding at trial on the merits and obviates exposing the trier of *286 fact to tainted evidence. Where guilt is determined by a plea, the principles of review should be the same whether or not the ruling was made prior to the guilty plea.
In this instance, the merits of the motion were entertained by the trial court before sentence was imposed. Thus, the trial court had not been divested of jurisdiction when the motion was considered. See LSA-C.Cr.P. arts. 912; 916.
We find no statutory or constitutional bar to our reviewing the instant ruling. Defendant reserved the assignments of error for review at the time of the plea of guilty, the trial court ruling, and the appeal. Cf. State v. Crosby, supra. Moreover, the record before us contains all information required to make an adequate review of the assignments presented.

FACTS
Evidence adduced at the hearing on the motion to suppress reveals that on July 25, 1985, defendant was traveling by automobile on Interstate 12 in Livingston Parish when his vehicle was stopped by Sergeant Larry King of the Louisiana State Police. Sergeant King testified that he pursued defendant's vehicle after determining that defendant was traveling at a rate of sixty miles per hour, five miles per hour in excess of the posted speed limit. Defendant told Sergeant King that he had no drivers license because it had been lost but he produced a passport. Through a routine license check, Sergeant King learned that defendant's Florida license had expired. Sergeant King testified that he then advised defendant of his rights and placed him under arrest for speeding and operating a vehicle without a license. A tow truck was then called to impound the defendant's automobile.
When asked if he would consent to have his automobile searched, defendant declined. Sergeant King testified that defendant became very nervous when asked to sign the consent to search form. Thereafter, Sergeant King conducted what he contends was an inventory search of defendant's automobile. After noting several items in the passenger section of the automobile, Sergeant King opened the trunk of defendant's automobile and found several bags of marijuana inside an Igloo cooler. After discovery of the marijuana, defendant was transported to the sheriff's office. A short time later, defendant signed a consent to search authorization form. During the second search of defendant's automobile, officers discovered a small amount of cocaine inside a vial.

ASSIGNMENTS OF ERROR NOS. ONE, TWO, THREE, FOUR and FIVE
By assignment of error number two, defendant urges that Sergeant King's initial stop of his vehicle was without legal justification because it was based on mere suspicion of wrongdoing. We disagree. Undisputed testimony at the hearing on the motion to suppress reveals that defendant was operating his vehicle at a rate of speed in excess of the maximum legal speed limit when forced to the shoulder of Interstate 12 by Sergeant King. Apprehension and restraint, a form of detention short of purposeful arrest, has been held to be an appropriate form of detention to effectuate the issuance of a summons for a speeding violation. See State v. Jenkins, 454 So.2d 282 (La.App. 4th Cir.1984).[1]
The issue presented by assignments of error numbers one, three and four is whether or not the marijuana seized from defendant's automobile was found as a result of a valid inventory search. The state does not contend, nor do we find, that the search and seizure were justified under the exceptions of consent or search incident to a lawful arrest.[2] Rather, the state argues *287 that the seizure of the marijuana was justified pursuant to a valid inventory search. We do not agree.
The record clearly establishes that Sergeant King conducted a search of defendant's car without a warrant. Therefore, the burden of proof shifted to the state to show affirmatively that the search and seizure was justified under an exception to the warrant requirements of the Fourth Amendment of the U.S. Const., and LSA-Const. art. 1 § 5. State v. Hatfield, 364 So.2d 578 (La.1978).
Both the United States Supreme Court and the Louisiana Supreme Court have recognized a true inventory search to be an exception to the warrant requirement. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); and State v. Jewell, 338 So.2d 633 (La.1976). To fall within the inventory exception, however, the state must prove that the impoundment of defendant's vehicle was necessary and that the inventory of the vehicle's contents was necessary and reasonable in its scope. State v. Crosby, 403 So.2d 1217 (La.1981).
An inventory search may not be used as a subterfuge for rummaging through an arrestee's vehicle without a warrant for the primary purpose of seizing evidence. State v. Jewell, supra. This court must examine the totality of circumstances surrounding the search to determine if it was a valid inventory search. There are several factors which Louisiana courts have considered to be significant in determining whether a true inventory search has been conducted:
(1) [T]he vehicle could not have remained safely at or near the place it was stopped; (2) the search was not conducted in the field; (3) the tow truck was called before the search commenced; (4) formal impoundment procedures were followed; (5) the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would consent to the agency's failure to afford him the protection of an inventory search; (6) arrangements were made for someone designated by the operator to take possession or protective custody of the vehicle for him.
State v. Sims, 426 So.2d 148, 153 (La.1983), and cases cited therein.
Under the totality of the circumstances, applying these factors to our present case, we conclude that the state has not sufficiently shown that the marijuana was seized during a true inventory search.
The justification for an inventory search of a vehicle is ostensibly to protect the occupant of a vehicle against loss of his property or to protect the law enforcement agency against the occupant's claim for failure to guard against such loss. "A valid inventory search is conducted not on probable cause to secure evidence, but merely to inventory the vehicle's contents in order to safeguard them, as an incident to the vehicle's necessarily being taken into lawful police custody." State v. Killcrease, 379 So.2d 737, 738 (La.1980).
Although the state may have shown that the vehicle could not have remained safely on the shoulder of Interstate 12 and, thus, impoundment was necessary, it did not show that an inventory of the car's contents was required.
The record clearly shows that defendant's vehicle was searched at the scene of the stop. Sergeant King testified that he had radioed for a tow truck but was not certain the truck had arrived on the scene prior to commencing his search. Defendant testified that it had not arrived.
Formal impoundment procedures were apparently followed by Sergeant King. A standard police form was used to list the items found during the search of defendant's vehicle.
*288 The Louisiana Supreme Court in State v. Sims, supra, upheld an inventory search where impoundment of a vehicle was found to be reasonably necessary although the defendant therein was not given an opportunity to waive the inventory. However, if the purpose of the search is truly only to inventory the contents of the vehicle and to safeguard them during official storage, an indicia that such is the real purpose of the search is to consult with the owner or custodian of the vehicle when he is present at the time of the search. State v. Jewell, supra.
In the instant case, Sergeant King consulted with defendant for the purpose of seeking authorization to conduct a full scale search of his automobile for evidence. It is undisputed that defendant refused to acquiesce to that request. Immediately thereafter Sergeant King commenced proceedings to inventory the contents of defendant's automobile. Sergeant King candidly admitted that, after defendant's refusal, he perceived defendant as more than a mere traffic offender. This scenario clearly exposes Sergeant King's eagerness to search defendant's automobile.
The conduct of the police in this case indicates that the authorities did not conduct a true inventory search of defendant's car but instead, under pretext of an inventory, set out on a warrantless search of the vehicle without probable cause. Thus, the state has not borne its heavy burden of proving there legitimately existed in this instance an inventory search exception to the warrant requirement.
Finally, by assignment of error number five we must determine whether defendant's subsequent consent to the warrantless search of his automobile was so tainted by the earlier illegal search as to require the suppression of the evidence seized pursuant to that consent.
One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. State v. Owen, 453 So.2d 1202 (La.1984). When made after an illegal detention or search, consent to search, even if voluntary, is valid only if it was the product of free will and not the result of an exploitation of the previous illegality. Among the factors considered in determining if the consent was sufficiently attenuated from the unlawful conduct to be a product of a free will are whether or not the police officers adequately informed the individual that he need not comply with the request, the temporal proximity of the illegality and the consent, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct. State v. Raheem, 464 So.2d 293, 297 (La.1985); and cases cited therein.
In the instant case, defendant consented to a search of his car and signed a waiver form about one hour after the inventory search was conducted in the field. This short time period between the illegal act and his consent weigh against a finding of attenuation, especially in view of the fact that there were no intervening circumstances which would tend to show that defendant was acting of his own free will. He was continuously in the presence of police officers and his consent was given while under arrest and in the confines of a police station. Under the circumstances presented herein, we cannot say that defendant's consent was sufficiently attenuated from the illegal search to be a product of his free will. Accordingly, the cocaine seized from a vial found inside his car should also have been suppressed.
For the reasons assigned, we find merit in assignments of error numbers one, three, four and five. Accordingly, defendant's convictions and sentences are reversed. Defendant's motion to suppress is granted. The case is remanded to the trial court to allow defendant an opportunity to withdraw his guilty pleas and for further proceedings in accordance with law.
REVERSED AND REMANDED
NOTES
[1] Writ granted in part and case remanded on other grounds, 458 So.2d 109 (La.1984).
[2] As a contemporaneous incident to a lawful custodial arrest of an occupant of a vehicle, a policeman may search the passenger compartment of that automobile, including any containers found within the passenger compartment. See New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). However, the Belton rule has no applicability to the instant case. The marijuana was found inside a container locked in the trunk, not the passenger compartment, of defendant's vehicle.