560 So.2d 534 (1990)
STATE of Louisiana
v.
Jackie BRUMFIELD.
No. KA 89 0848.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
*535 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge by Robert Piedrahit, Asst. Dist. Atty., for plaintiff/appellee.
Walter C. Dumas, Baton Rouge, for defendant/ appellant.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
Jackie Brumfield was charged by bill of information with possession of cocaine, a violation of La.R.S. 40:967(C). Initially, defendant pled not guilty; but, after the trial court denied his motion to suppress, he changed his plea to guilty with the reservation of his right to appeal. State v. Crosby, 338 So.2d 584 (La.1976). Defendant was subsequently sentenced to serve two years at hard labor, with the sentence being suspended and defendant being placed on supervised probation with special conditions. Defendant appeals, urging that the trial court erred in denying his motion to suppress physical evidence.
On March 26, 1988, at approximately 9:00 p.m., Baton Rouge Police Officer Chris Rushing stopped defendant, who was driving a vehicle which had illegal flashing lights around the license plate, in the 100 block of West Van Buren Street. Officer Rushing asked defendant to exit the vehicle and to produce his driver's license. Defendant informed Rushing that his name was Jackie Brumfield and that he did not have a driver's license. Defendant went on to explain that he had never had a driver's license and that the passenger in the vehicle with him was teaching him how to drive. Officer Rushing asked defendant who owned the car, and defendant told him that it belonged to the passenger. Officer Knight, who was with Officer Rushing, asked the passenger who owned the car and was informed that defendant owned the car. Upon further questioning, defendant could not produce any vehicle registration documentation. Officer Rushing also noticed that the license plate sticker was expired, that the safety sticker on the vehicle was not valid and, further, that defendant had neither proof of insurance, nor positive personal identification.
At the hearing on the motion to suppress, Officer Rushing testified that he felt defendant was lying to him. Rushing placed defendant under arrest for various traffic offenses, but allowed the passenger to go free since there were no charges against him and since the passenger informed Rushing that he lived only a few blocks away.[1] Rushing called a tow truck for the vehicle. After defendant was informed of his rights and arrested, he advised Rushing that he owned the car and that he had bought it some time before and never had the registration changed over to his name. At that time, however, the police department computer was not operative, and Rushing was unable to verify the registration of the vehicle in order to determine whether or not it had been stolen.
While waiting for the tow truck to arrive, Officer Rushing looked into the vehicle and saw a wallet lying on the console. Rushing felt that this wallet could possibly contain some identification information; therefore, he retrieved the wallet and opened it. Rushing did not find any identification; *536 however, he did find a small, clear plastic bag with a white powdery substance which he believed to be cocaine. After finding the small bag of contraband, Rushing searched the passenger compartment of the vehicle and found a brass balancing scale and some plastic bags which were lying behind the passenger seat.
In his only assignment of error, defendant contends that the trial court erred by failing to grant his motion to suppress. Defendant asserts that the officer did not have probable cause to make the initial stop, that there were no exigent circumstances to justify the search of the vehicle without a warrant, and that the search cannot be upheld as a valid inventory procedure. The state, however, argues that the initial stop was made with probable cause and the contraband was discovered as a result of a valid inventory search. For the reasons set forth below, we find that the evidence was not discovered pursuant to a valid inventory search; nevertheless, we find the evidence admissible under the inevitable discovery doctrine. See Nix v. Williams, 467 U.S. 431, 446-447, 104 S.Ct. 2501, 2510-2511, 81 L.Ed.2d 377 (1984).
Initially, we note that a law enforcement officer may stop a person whom he reasonably suspects is committing an offense and may demand of him his name, address, and an explanation of his actions. La.C.Cr.P. art. 215.1. Further, flashing lights upon a motor vehicle are prohibited except upon emergency vehicles, school buses, or on any vehicle as a means of indicating a right or left turn, or the presence of a vehicular traffic hazard requiring unusual care in approaching, overtaking or passing. La. R.S. 32:327(C). However, the state bears the burden of proving the admissibility of evidence seized during a search without a warrant. La.C.Cr.P. art. 703(D). A search conducted without a warrant is per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973).
Both the United States Supreme Court and the Louisiana Supreme Court have recognized a true inventory search to be an exception to the warrant requirement. Colorado v. Bertine, 479 U.S. 367, 370-371, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987); South Dakota v. Opperman, 428 U.S. 364, 372-373, 96 S.Ct. 3092, 3098-3099, 49 L.Ed.2d 1000 (1976); and State v. Jewell, 338 So.2d 633, 638 (La.1976). To fall within the inventory exception, however, the state must prove that the impoundment of defendant's vehicle was necessary and that the inventory of the vehicle's contents was necessary and reasonable in its scope. State v. Washington, 540 So.2d 502, 506 (La.App. 1st Cir.1989).
The justification for an inventory search of a vehicle is ostensibly to protect the occupant of the vehicle against loss of his property or to protect the law enforcement agency against the occupant's claim for failure to guard against such a loss. State v. Carey, 499 So.2d 283, 287 (La.App. 1st Cir.1986). A valid inventory search is conducted not on probable cause to secure evidence but merely to inventory the vehicle's contents in order to safeguard them, as an incident to the vehicle's necessarily being taken into lawful police custody. State v. Carey, 499 So.2d at 287.
An inventory search may not be used as a subterfuge for rummaging through the arrestee's vehicle without a warrant for the primary purpose of seizing evidence. State v. Carey, 499 So.2d at 287. This Court must examine the totality of the circumstances surrounding the search to determine if it was a valid inventory search. There are several factors which Louisiana courts have considered to be significant in determining whether a true inventory search has been conducted:
(1) the vehicle could not have remained safely at or near the place it was stopped; (2) the search was not conducted in the field; (3) the tow truck was called before the search commenced; (4) formal impoundment procedures were followed; (5) the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would *537 consent to the agency's failure to afford him the protection of an inventory search; (6) arrangements were made for someone designated by the operator to take possession or protective custody of the vehicle for him.
State v. Carey, 499 So.2d at 287.
Herein, the automobile could not have been driven away legally because it had no registration, no inspection sticker, and the license sticker was expired. The record does not indicate whether or not the vehicle could have remained safely at the place it was stopped; however, since the officer had no information regarding the lawful owner of the vehicle, it would not have been prudent for him to have left the vehicle in the field. A tow truck was called and formal impoundment procedures were apparently underway before the search commenced; however, the search was conducted in the field and defendant was not asked whether he consented to a search of the vehicle.
The absence of a few of the elements to be considered in evaluating whether or not a true inventory search was conducted should not necessarily invalidate the inventory. See State v. Harris, 504 So.2d 156, 159 (La.App. 2d Cir.1987). However, in the instant case, Officer Rushing's testimony indicates that the search was not for inventory purposes. His testimony flies directly in the face of the state's argument that the contraband found within defendant's wallet was discovered pursuant to a lawful inventory search. Accordingly, the search cannot be justified as a lawful inventory search.
Nevertheless, unconstitutionally obtained evidence may be admitted at trial if it would inevitably have been seized by the police in a constitutional manner. Nix v. Williams. In the instant case, the police lawfully stopped defendant pursuant to state traffic regulations. See La.C.Cr.P. art. 215.1 and La.R.S. 32:327(C). Further, it was not an abuse of the officer's discretion to arrest defendant since he was committing a multitude of traffic offenses. In addition, the vehicle could not have been legally driven away, and its ownership was not ascertainable at the time defendant was taken into custody. Therefore, the police had the right to impound the vehicle and inventory its contents. Since the contraband would have been discovered in any event, it was properly admitted into evidence by the trial court. See State v. Harris, 510 So.2d 439, 445 (La.App. 1st Cir.), writ denied, 516 So.2d 129 (La.1987). Accordingly, we find no error in the trial court's denial of defendant's motion to suppress physical evidence. For the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Officer Rushing issued several traffic citations to defendant for the following offenses: illegal flashing lights (La.R.S. 32:327); driving under a revoked driver's license (La.R.S. 32:415); failure to carry vehicle registration certificate (La.R.S. 47:506); no license plate renewal sticker (La. R.S. 47:508); and failure to produce evidence of compulsory motor vehicle liability insurance (La.R.S. 32:863.1).