CARTER, Judge.
The defendant, Larry Nixon, was charged by bill of information with possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967 A (1). He pled not guilty and filed a motion to suppress. After a hearing, the trial court denied the defendant’s motion to suppress. Pursuant to State v. Crosby, 338 So.2d 584 (La.1976), the defendant withdrew his plea of not guilty and pled guilty as charged, specifically reserving his right to appeal the trial court’s denial of his motion to suppress. He received a sentence of eight years at hard labor. The defendant has appealed, alleging one assignment of error, as follows:
1. The trial court erred in denying the defendant’s motion to suppress.
FACTS
On March 6, 1989, Houma Police Officer Freddie Williams was proceeding to Me-chanicsville in an unmarked unit when he observed what he believed to be a truck owned by a friend, Alvin Celestine. Officer Williams waved. Shortly thereafter, he noticed that Celestine was not driving the truck. Instead, the truck was being driven by the defendant. Officer Williams knew the defendant and also knew that there was an outstanding warrant for his arrest on a drug charge. Officer Williams immediately activated the flashing lights and the siren of his unmarked unit and tried to stop the defendant. A chase took place, during which the defendant managed to avoid one roadblock before he struck a fence and was apprehended. Officer Williams arrested the defendant for distribution of marijuana (the outstanding warrant) and flight from an officer. After the defendant was taken into custody, Officer Williams confirmed that the truck belonged to Celestine. A tow truck was called. During the search of the vehicle at the scene, Houma Police Officer Keith Gallicio found clear plastic bags containing a white powder substance underneath the driver’s seat. This substance was later determined to contain cocaine.
ASSIGNMENT OF ERROR
In his only assignment of error, the defendant contends that the trial court erred in denying his motion to suppress. Specifically, he contends that the search of the truck was not a true inventory search because the officers did not follow inventory search procedure and because they were actually searching the vehicle for drugs.
The State bears the burden of proving the admissibility of evidence seized during a search without a warrant. LSA-C.Cr.P. art. 703 D. A search conducted without a warrant is per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). A true inventory search is an exception to the warrant requirement. South Dakota v. Opperman, 428 U.S. 364, 372, 96 S.Ct. 3092, 3098-99, 49 L.Ed.2d 1000 (1976); State v. Jewell, 338 So.2d 633, 638 (La.1976).
To fall within the inventory exception, the State must prove that the im-poundment of defendant’s vehicle was necessary and that the inventory of the vehicle’s contents was necessary and reasonable in its scope. State v. Carey, 499 So.2d 283, 287 (La.App. 1st Cir.1986). An inventory search may not be used as a subterfuge for rummaging through an arrestee’s vehicle without a warrant for the primary purpose of seizing evidence. State v. Jewell, 338 So.2d at 638. Where the conduct of the police is inconsistent with their contention that the search was conducted for *1174 true inventory purposes, the search is unlawful. State v. Hardy, 384 So.2d 432, 434 (La.1980).
The court must examine the totality of circumstances surrounding the search to determine whether it was a valid inventory search. State v. Carey, 499 So.2d at 287-88. There are several factors which Louisiana courts have considered to be significant in determining whether a true inventory search has been conducted:
(1) the vehicle could not have remained safely at or near the place it was stopped; (2) the search was not conducted in the field; (3) the tow truck was called before the search commenced; (4) formal impoundment procedures were followed; (5) the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would consent to the agency’s failure to afford him the protection of an inventory search; (6) arrangements were made for someone designated by the operator to take possession or protective custody of the vehicle for him.
State v. Sims, 426 So.2d 148, 153 (La.1983).
The justification for an inventory search of a vehicle is ostensibly to protect the occupant of a vehicle against loss of his property or to protect the law enforcement agency against the occupant’s claim for failure to guard against such loss. A valid inventory search is conducted not on probable cause to secure evidence, but merely to inventory the vehicle’s contents in order to safeguard them incident to the vehicle being taken into lawful police custody. State v. Washington, 540 So.2d 502, 506 (La.App. 1st Cir.1989).
We recognize that there was conflicting testimony at the motion to suppress hearing. The testimony of Officers Williams and Gallicio conflicted as to who searched particular areas of the truck, although it was clear that Officer Gallicio located the suspected cocaine. There was also confusion as to who decided to call the tow truck and who ordered the inventory search. Officer Williams testified that he was the senior officer at the scene, but that he did not make the decision to inventory the vehicle’s contents. Officer Gallicio conducted the inventory search with the assistance of Officer Williams, although Gallicio did not know who ordered the search. Finally, there was confusion as to whether the truck was going to be towed to the wrecker facility, the police station, or both locations. In any event, for the reasons which follow, we do not find these conflicting statements and points of uncertainty to be controlling.
Both Officer Williams and Officer Galli-cio testified that they did not conduct a search of the truck to look for drugs. Officer Gallicio explained that the inventory search was conducted because a decision had been made to tow the truck. Clearly, the truck could not remain at that location. Officer Gallicio testified that the truck was in someone’s yard and was close to a house. The truck had been in an accident, and property damage was involved. The truck belonged to someone other than the occupant-driver. Officer Gallicio testified that the fence and the front end of the truck were damaged, which necessitated the completion of an accident report.
The defendant did not own the truck. Officer Williams believed that Celestine was the owner of the truck; this belief was confirmed when he retrieved the vehicle registration from the glove compartment. Because the truck could not remain at that location and there was no one present to whom it could be released, the decision was made to call for a tow truck. Considering the totality of the circumstances surrounding the search, we conclude that it was a true inventory search, and, therefore, the trial court properly denied the motion to suppress.
At the motion to suppress hearing, Officers Williams and Gallicio testified that there was no established departmental procedure requiring vehicles to be towed to the police station before an inventory search was conducted. However, the defense attempted to establish, through the testimony of District Attorney's Office Investigator Richard Belanger, that the search of the vehicle by Officers Williams *1175 and Gallicio violated established departmental procedures for such searches.
Belanger testified that he had been previously employed as a detective with the Houma Police Department. He also explained that the Chief of Detectives at that time, Bill Null, had established a procedure for vehicle searches by detectives. According to Belanger, when a detective had probable cause to search a vehicle for contraband, the vehicle was towed to the police station and a search warrant obtained before any search took place. However, Be-langer testified that the Chief of Detectives had no control over uniformed police officers. He also testified that this vehicle search procedure for detectives was implemented when there was probable cause to suspect that the vehicle contained contraband and, in a majority of these situations, the suspect was the owner of the vehicle and was present.
Contrary to the defendant’s assertions, the vehicle search policy described by Be-langer related to detectives only and was to be utilized in situations completely different from the situation presented herein. Belanger’s testimony did not establish the existence of a vehicle search procedure for Houma police officers or that such a procedure had been violated by Officers Williams and Gallicio.
Therefore, this assignment of error is meritless.
CONCLUSION
For the above reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.