CIACCIO, Judge.
Defendant, Waldo Short, was charged by bill of information with possession of heroin, a violation of La.R.S. 40:966. He was tried by a twelve-person jury which found him guilty as charged on August 30, 1989. On September 26, 1989 the defendant was sentenced to four (4) years, hard labor, without benefit of parole, probation or suspension of sentence. Also, on September 26, 1989, the defendant admitted to being a multiple (second) offender and he was re-sentenced to four (4) years at hard labor under the provision of R.S. 15:529.1, with credit for time served.
This appeal follows. Through his attorney, defendant raises three assignments of error. By pro se brief, defendant asserts five assignments of error.

Facts

At trial, Officer William Suhre testified that on April 2, 1989 at 8:00 a.m., he responded to a report of a man slumped over the steering wheel of a red Camaro in the 4600 block of Charlmark Drive. The caller reported that the man had been there since 6:30 a.m. When Officer Suhre arrived, he observed the defendant slumped over the steering wheel with the car’s engine running.
Officer Suhre attempted to wake defendant, and detected a slight odor of alcohol on defendant’s breath. The officer then reached into the car to turn off the ignition, and found the exterior handle of a socket wrench where the ignition key should have been. Officer Suhre removed the wrench handle and turned off the engine. He then assisted the defendant out of the car because defendant had difficulty maneuvering.
Officer Suhre asked defendant where he lived, and defendant pointed to a nearby house. The officer then asked him for the address, and defendant replied that it was 2552 North Rocheblave, which was a few miles away.
Officer Suhre put defendant in the back of his police car and noticed that the lock of the Camaro’s trunk was damaged, leading him to believe the car had been stolen. There were no registration papers in the glove compartment and Officer Suhre asked defendant who owned the car. Defendant stated that it belonged to a friend who had lent it to him to drive to work, although he could not remember the friend’s name or address.
Officer Suhre phoned in the license plate number on the Camaro, and discovered it had not been reported stolen. He then gave defendant a field sobriety test which defendant failed. The officer then placed him under arrest for D.W.I. and attempted to secure the Camaro. Because he was unable to lock the car, he called to have the car towed to the auto pound. After discovering that the auto pound was closed, he called two other officers to transport the vehicle to the pound.
Officer Suhre testified that defendant was then transported to the police station to administer an intoxilizer test, which defendant refused to take. Defendant was then booked for D.W.I.
Meanwhile, Officer Robert O’Brien picked up the Camaro and drove it to the Almonaster auto pound. While driving there, Officer O’Brien saw an open black container wedged between the seat and the console, which held two foil packets. The *154 packets contained a brown powder which later tested positive for heroin.

Assignment of Error No. 1

By this assignment of error, the defendant contends that the trial court erred in denying the motion to suppress the evidence, because the heroin was not seized during the course of a valid warrantless inventory search. He argues that the State failed to show that formal impoundment procedures were followed or that defendant was consulted regarding a waiver of the inventory or the presence of valuables in the vehicle. Defendant also asserts that the car could have been safely left at the home of a friend who lived near the arrest site.
Defendant has also filed a pro se brief which also alleges as error the failure of the trial court to grant the motion to suppress the evidence but which urges a different basis for suppressing the evidence. Defendant argues that there was no probable cause to arrest him for D.W.I. and thus no basis for searching the car. He also assigns as error the failure of the trial court to hold a hearing on the motion to suppress, but the record shows that such a hearing was held May 2, 1989. Hence, this particular assignment of error is without merit.
Likewise, defendant’s contention that there was no probable cause to arrest him for D.W.I. is without merit. Officer Suhre had reasonable suspicion to investigate the report regarding a man slumped over the steering wheel of a car which was parked on a public street and which still had its engine running. When Officer Suhre roused defendant, he could detect a slight odor of alcohol on defendant's breath, and defendant unsuccessfully performed the field sobriety test. Hence, reasonable suspicion ripened into probable cause to arrest defendant for D.W.I. See, State v. Sims, 426 So.2d 148 (La.1983); State v. Hale, 481 So.2d 1056 (La.App. 1st Cir.1985), writ denied 484 So.2d 668 (La. 1986).
The search of the Camaro was conducted without a warrant; thus, the burden of proof was on the State to show that the search was justified under one of the recognized exceptions to the warrant requirement. State v. Crosby, 403 So.2d 1217 (La.1981). A true inventory search is one of those recognized exceptions. Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); State v. Jemigan, 390 So.2d 1306 (La.1980).
To fall within the inventory exception, the State must prove that impounding the vehicle was necessary and that the inventory of the vehicle’s contents was both necessary and reasonable in scope. State v. Sims, 426 So.2d 148 (La.1983); State v. Brumfield, 560 So.2d 534 (La.App. 1st Cir.1990), writ denied 565 So.2d 942 (La.1990). As stated in State v. Killcrease, 379 So.2d 737, 738 (La.1980):
A valid inventory search is conducted not on probable cause to secure evidence, but merely to inventory the vehicle’s contents in order to safeguard them, as an incident to the vehicle’s necessarily being taken into lawful police custody. The justification for the inventory search of a vehicle is to protect the occupant of that vehicle against loss of his property or the law enforcement agency against the occupant’s claim for the failure to guard against such loss. (Citations omitted)
An inventory search may not be used as a subterfuge for rummaging through an arrestee’s vehicle without a warrant for the primary purpose of seizing evidence. State v. Brumfield, supra. If the conduct of the police is inconsistent with their contention that the search was for inventory purposes, the search is unlawful. State v. Killcrease, supra. State v. Sims, supra, 426 So.2d at 153, stated:
There are several factors which we have considered to be significant in determining whether a true inventory search has been conducted: (1) the vehicle could not have remained safely at or near the place it was stopped; (2) the search was not conducted in the field; (3) the tow truck was called before the search commenced; (4) formal impoundment procedures were followed; (5) the vehicle operator was asked if he consent *155 ed to a search, if the car contained valuables, or if he would consent to the agency’s failure to afford him the protection of an inventory search; (6) arrangements were made for someone designated by the operator to take possession or protective custody of the vehicle for him. State v. Hardy, 384 So.2d 432 (La.1980); State v. Killcrease, 379 So.2d 737 (La. 1980); State v. LaRue, 368 So.2d 1048 (La.1979).
The absence of a few of the elements to be considered in evaluating whether or not a true inventory search was conducted does not necessarily invalidate the search, rather, it is the totality of the circumstances and the true purpose of the inventory that determine the issue. State v. Harris, 504 So.2d 156 (La.App.2d Cir.1987).
[9] In the present case, all the factors enumerated in Sims were not present, but this does not invalidate the seizure of the heroin. The Camaro was impounded to preserve it and its contents, not as pretext to conduct a warrantless search. The car could not have been left on Charlmark Drive because it could not be locked and because it could have been easily stolen due to the defeated steering column. Although defendant had told Officer Suhre that the car could have been left with a friend who lived nearby, defendant did not know this friend’s name or address. Considering defendant’s erroneous belief that he was parked in front of his own house, it would not have been reasonable for Officer Suhre to conclude that the car could have been left with someone and not taken into police custody. The heroin was inadvertently found in plain view by Officer O’Brien and its seizure was valid. This assignment of error is without merit.

Assignment of Error No. 2

In his second assignment of error, defendant complains that the trial court erred in imposing sentence without benefit of parole because the sentence for possession of heroin does not prohibit parole eligibility.
La.R.S. 40:966(C)(1) provides that the sentence is to be served without benefit of probation or suspension of sentence, but it does not prohibit parole eligibility. We find that the trial judge erroneously imposed a sentence which was without the benefit of parole, and amend the sentence to delete the denial of parole. See, State v. Lawrence, 487 So.2d 538 (La.App. 4th Cir. 1986).

Assignment of Error No. 3

By his third assignment, defendant contends that the trial court erred in accepting his guilty plea to the multiple bill without informing him of his rights under La.R.S. 15:529.1D. He argues that there is nothing in the record which affirmatively shows that he was informed of these rights either by the court or by his counsel. We agree.
At the multiple bill hearing, the trial judge stated:
Also in 333-78-798, state has filed a multiple offender bill of information alleging the defendant is a double offender. Mr. Scaccia,—Mr. Short, explained to you you have a right to a hearing in this matter and you are willing to admit that you’re the same—one and the same Waldo Short previously convicted in this multiple bill, is that correct?
By Mr. Short:
Yes, sir.
By the Court:
Let the record so reflect. Therefore, the court makes a finding of fact that the defendant is a multiple offender under provisions entitled 15:529.1.
La.R.S. 15:529.1D provides:
D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent convic *156 tion was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
Emphasis added.
Thus, before accepting a defendant’s admission that he is a multiple offender, the trial judge must specifically advise the defendant of his right to a formal hearing and to have the State prove its case. State v. Johnson, 432 So.2d 815 (La. 1983); State v. Amos, 550 So.2d 272 (La. App. 4th Cir.1989); State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), writ denied 472 So.2d 913 (La.1985). The trial judge must also advise the defendant of his right to remain silent. Id.
The above-quoted excerpt from defendant’s multiple bill hearing fails to show that the trial judge fully and adequately advised defendant of his rights under R.S. 15:529.1 and of his right to remain silent. Although there is some indication that counsel advised defendant of his right to a hearing on the multiple bill, it cannot be deemed a sufficient advisement of rights because there is nothing to show that counsel told defendant that he had the right to remain silent and to require the State to prove the allegations of the multiple bill.
We therefore vacate defendant’s adjudication as a second offender, reinstate the original sentence, and remand the case to the trial court for retrial of the multiple offender proceeding.

Pro Se Assignment of Error No. 3

By this assignment defendant complains of certain inconsistencies in the testimony of Officers Suhre and O’Brien. The excerpts of the trial transcript cited by defendant relate to the location of the black container in the vehicle driven by defendant. Officer O’Brien stated at trial that the container was on the console of the vehicle wedged between the seat. Officer Suhre testified that Officer O’Brien showed him a black plastic container which was sitting on the console of the vehicle near the transmission. We find no inconsistencies in this testimony with regard to the exact location of the container of heroin. This assignment lacks merit.

Pro Se Assignment of Error No. 4

Defendant claims that the State failed to prove his guilt as to the possession of the heroin.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). To support a conviction for possession of heroin, the State must prove that the defendant had possession of the heroin and that he knowingly possessed it. R.S. 40:966. It is not necessary that the State prove that the defendant had actual physical possession of the heroin; proof of constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983). If the defendant exercises dominion and control over the substance, he is considered to have constructive possession. Id.
Our review of the record clearly shows that the State proved defendant’s guilt of possession of heroin beyond a rea *157 sonable doubt. He constructively possessed the drug because it was found in a car which, although it did not belong to defendant, had been regularly used by him to go back and forth to work for an indefinite period of time. Moreover, he knowingly possessed the heroin because it was in an open container next to the driver’s seat. This argument lacks merit.

Pro Se Assignment of Error No. 5

Defendant finally contends that the prosecutor made a prejudicial comment during the course of her closing argument. During closing, the following occurred:
By the Prosecutor:
And if you want to know what happened on that morning, let’s go into the night, and the bottom line is, Waldo Short had been out the night before and he was doing his heroin and the two foils were what was left.
By Defense Counsel:
Your Honor, I’m going to object to that, now that’s terrible.
By the Court:
Mr. Scaccia, it’s closing arguments, your objection’s overruled.
By Defense Counsel:
Your Honor, she’s saying that—
By the Court:
Your objection’s overruled.
Apparently, defendant is arguing that the State’s closing argument went outside the evidence. Under C.Cr.P. art. 774 argument is to be confined to the evidence admitted, to the lack of evidence, to conclusions of fact that may be drawn therefrom, and to the applicable law. Both sides may draw their own conclusions as to what the evidence has established and may convey to the jury any view arising out of the evidence. State v. Moore, 432 So.2d 209 (La. 1983), cert. den. Moore v. Louisiana, 464 U.S. 986, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983); State v. Deboue, 496 So.2d 394 (La. App. 4th Cir.1986), writ denied 501 So.2d 229 (La.1987).
Officer Suhre at trial testified that defendant’s intoxication could have been caused either by alcohol or by drugs. (Tr. pp. 24-25). We find that based on the evidence presented the prosecutor could permissibly argue that defendant had been using heroin the night before his arrest. This assignment of error is without merit.
For the foregoing reasons, the defendant’s conviction is affirmed. The multiple sentence is vacated. The original sentence is reinstated but is amended to delete the prohibition against parole eligibility. The case is remanded for rehearing on the multiple bill.
CONVICTION AFFIRMED; MULTIPLE BILL SENTENCE VACATED; ORIGINAL SENTENCE AMENDED AND REINSTATED; CASE REMANDED FOR REHEARING ON MULTIPLE BILL.