I .ARMSTRONG, Judge.

STATEMENT OF THE CASE

On September 23, 1996, the defendant, Ronald Robinson, was charged with one count of possession of phencyclidine. At his arraignment on September 25, 1996, he pled not guilty. His motion to suppress the evidence, heard October 25,1996 was denied on December 20, 1996. On April 2, 1997, a six-person jury found the defendant guilty as charged. On April 28, 1997 the State filed a multiple bill, and on June 23, 1997, he pled guilty to being a second offender. The court then sentenced the defendant to serve ten years at hard labor. The court granted the defendant’s motion for appeal. The defense then orally moved for a new trial and for reconsideration of sentence, and the trial court denied both motions.

FACTS

Shortly before midnight on August 1, 1996, police officers on patrol observed the defendant as he was driving toward them on S. Robertson Street. The officers did not know the defendant prior to this date. The officers saw the defendant turn the corner onto Martin Luther King Boulevard without using a turn signal light. The officers followed the defendant and eventually pulled him over at the corner of S. Roman Street. At the officers’ order, the defendant exited his car and approached them. When the officers learned the defendant did not have a ^driver’s license, any identification, or insurance on the car, they arrested him for the traffic violations. A search incident to his arrest yielded no contraband. However, one officer walked to the defendant’s car and saw a small amber bottle labeled “vanilla extract” lying next to the gear shift on the console next to the driver’s seat. The bottle contained a liquid. Because at least one of the officers had seen phencyclidine (PCP) carried in similar bottles, the officers entered the car and seized the bottle. They then placed the defendant under arrest for possession of PCP. The officers requested a canine unit, but the ensuing search by the dog revealed no other contraband. The officers testified there was no odor of PCP in the car, but they also noted that the cap was on the bottle when they seized it. Later tests revealed that the liquid in the bottle contained PCP.
Seneria Crawford, the defendant’s sister, testified that the defendant had just left her apartment prior to his arrest, and she insisted he did not have any drugs when he left. She admitted, however, that she was not present when he was stopped and that she had not searched his car prior to his departure. She testified that she took the defendant to the Police Integrity Division when he filed a general complaint about being harassed by police officers. She testified that other officers, whose nicknames she knew, generally harassed people in the project where she and the defendant lived, but she admitted these officers were not the ones who arrested the defendant. She also admitted she had no knowledge of any harassment by the officers involved in The defendant’s arrest. She testified that the defendant told her that he did not like the manner in which the officers arrested him in this case.

ERRORS PATENT

A review of the record reveals the defendant filed an oral motion for new trial immediately after he was sentenced and after his motion for appeal was 1 ¡¡granted. Under the provisions of La.C.Cr.P. art. 853, a motion for new trial must be filed prior to sentencing, unless it is based upon newly-discovered evidence, in which case it must be filed within one year of conviction. As the motion was oral and no basis for the motion was given, it appears the motion was filed untimely. Additionally, art. 853 provides that if an appeal is pending, the trial court may consider the motion only upon remand of the case. Technical *816 ly, the case was on appeal at the time the motion was made because the court had already granted the defendant’s motion for appeal. In any event, the trial court denied the motion, and the defendant does not mention the motion for new trial in his brief. Thus, any error with respect to the timing of the motion and its denial is harmless.

ASSIGNMENT OF ERROR

By his sole assignment of error, the defendant contends the trial court erred by denying his motion to suppress the evidence. Specifically, he argues that the seizure of the bottle was illegal because the officers did not have probable cause to believe it contained contraband. He further argues that the seizure cannot be upheld as an inventory search because the officers did not follow the proper procedure when searching the car.
One of the officers testified at the suppression hearing, and his testimony was virtually the same as the testimony at trial. He testified that when they saw the amber bottle they “had a hunch” that the bottle contained PCP. He also indicated that when they learned the defendant was carrying no identification, they ran his name through the police computer and discovered he was on probation for possessing PCP.
The initial stop of the defendant was lawful. The officers had probable 14cause to stop the defendant and ticket him for committing a traffic offense, failing to signal his turn. When they stopped him, they discovered he had no driver’s license and no proof of insurance. At that point, they had probable cause to arrest him for those violations.[1] The search incident to this arrest, which was also legal, revealed no contraband.
The contraband in this case, the bottle containing the PCP mixture, was not seized incident to the arrest, but rather it was seized when the officer looked inside the car after the defendant was arrested and saw the bottle lying on the console in plain view. In State v. Smith, 96-2161 (La.App. 4 Cir. 6/3/98), 715 So.2d 547, 549, this Court discussed this exception:
In order for an object to be lawfully seized pursuant to the “plain view” exception to the Fourth Amendment, “(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband.” State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4 Cir.), writ denied 629 So.2d 1126 and 1140 (La.1993). In Tate, this court further noted: “In Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the Court held that evidence found in plain view need not have been found “inadvertently” in order to fall within this exception to the warrant requirement, although in most cases evidence seized pursuant to this exception will have been discovered inadvertently.” Tate at 917.
Here, the defendant argues that even though the bottle was lying in plain view, the officers could not lawfully seize it under the plain view exception because it was not “immediately apparent” to the officers that the liquid in the bottle contained PCP. However, one of the officers testified that in the past he had | ¡¡seen PCP packaged in similar bottles, which enabled the user to dip cigarettes into the bottle to soak them with PCP. In addition, the other officer testified at the suppression hearing that after the defendant gave them his name, they ran the name through the police computer and learned he was on probation for *817 PCP possession. Thus, we find that it was “immediately apparent” to the officers that the bottle contained PCP.
Moreover, we note that when police officers have probable cause to believe a vehicle contains contraband, they may search the car without first obtaining a warrant. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); State v. Tatum, 466 So.2d 29 (La.1985); State v. Scull, 93-2360 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239[2]. In Tatum, the Court held that police officers who have probable cause to believe a car contains contraband may conduct a warrant-less search of the car. The Court reasoned:
For constitutional purposes, there is no difference between on the one hand, seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. Carrol[Carroll] v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Ross, supra; State v. Chaney, 423 So.2d 1092 (La.1983).
Furthermore, prior Louisiana jurisprudence has held that a search warrant is not necessary where there is probable cause to search an automobile for contraband or evidence of a crime and there are exigent circumstances requiring an immediate search. State v. Chaney, supra ; State v. Guzman, 362 So.2d 744 (La.1978).
Exigent circumstances has been defined as the 1 ^impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore constitutionally permissible when “the car is movable, the occupants are alerted, and the car’s contents may never be found again if a warrant must be obtained.” State v. Chaney, supra.
Tatum, 466 So.2d at 31-32.
Here, the nature of the bottle, combined with the officers’ knowledge that the defendant was on probation for possession of PCP, gave them probable cause to believe the bottle contained PCP. As such, they could seize the bottle.
The defendant is correct in his assertion that the search could not be upheld as a valid inventory search. In State v. Short, 90-0903 (La.App. 4 Cir. 10/15/91), 588 So.2d 151, 154-155, this Court discussed the elements of an inventory search:
To fall within the inventory exception, the State must prove that impounding the vehicle was necessary and that the inventory of the vehicle’s contents was both necessary and reasonable in scope. State v. Sims, 426 So.2d 148 (La.1983); State v. Brumfield, 560 So.2d 534 (La.App. 1st Cir. 1990), writ denied 565 So.2d 942 (La.1990). As stated in State v. Killcrease, 379 So.2d 737, 738 (La.1980):
A valid inventory search is conducted not on probable cause to secure evidence, but merely to inventory the vehicle’s contents in order to safeguard them, as an incident to the vehicle’s necessarily being taken into lawful police custody. The justification for the inventory search of a vehicle is to protect the occupant of that vehicle against loss of his property or the law enforcement agency against the occupant’s claim for the failure to guard against such loss. (Citations omitted)
An inventory search may not be used as a subterfuge for rummaging through an arrestee’s vehicle without a warrant for the primary purpose of seizing evidence. State v. Brumfield, supra. If the conduct of the police is inconsistent *818 with their contention that the search was for inventory purposes, the search is unlawful. State v. Killcrease, supra. State v. Sims, supra, 426 So.2d at 158[153], stated:
There are several factors which we have considered to be significant in determining whether a true inventory search has been conducted: (1) the vehicle could not have remained safely at or near the place it was stopped; (2) the search was not conducted in the field; (3) the tow truck was called before the search commenced; (4) formal impoundment procedures were followed; (5) the vehicle operator was asked if he consented to a search, if the car contained valuables, or if he would consent to the agency’s failure to afford him the protection of an inventory search; (6) arrangements were made for someone designated by the operator to take possession or protective custody of the vehicle for him. State v. Hardy, 384 So.2d 432 (La.1980[1980]); State v. Killcrease, 379 So.2d 737 (La.1980[1980]); State v. LaRue, 368 So.2d 1048[1048] (La.1979).
The absence of a few of the elements to be considered in evaluating whether or not a true inventory search was conducted does not necessarily invalidate the search, rather, it is the totality of the circumstances and the true purpose of the inventory that determine the issue. State v. Harris, 504 So.2d 156[156] (La.App.2d Cir.1987[1987]).
In Short, this Court upheld the inventory search conducted after the officers towed the defendant’s car to the auto pound. The defendant was arrested for DWI. The car could not be locked, and the defendant could not give the officers any information to enable them to contact another person who could come pick up the car.
Here, by contrast, the State presented none of the elements to support an inventory search. Indeed, there was no testimony from either officer that the |ssearch was intended to be as a result of an inventory of the car. The defendant is therefore correct in his argument as to the inventory search exception.
However, as noted above, the bottle was discovered in plain view. The officers knew PCP was packaged in that fashion, and the officers also knew the defendant was on probation for PCP possession. Based upon these factors, the officers had probable cause to believe the bottle contained PCP, and they could lawfully seize the bottle. Thus, the trial court correctly denied the motion to suppress the PCP.
This assignment has no merit.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.

AFFIRMED.

. See La.C.Cr.P. art. 211 concerning the issuance of a summons in lieu of arrest. Under that statute, the officers should have arrested the appellant, rather than issuing a summons, because allowing him to drive away without a license would allow him to continue to commit the offense of driving without a license.

. Writ den., 94-2058, 644 So.2d 391 (La.1994).