JONES, Judge.
Reginald Merchant sought to suppress the evidence in a case wherein he was charged as being a convicted felon in possession of a firearm. The trial court denied Merchant’s motion and he pled guilty under State v. Crosby, 338 So.2d 584 (La.1976), and was sentenced to 10 years imprisonment. Merchant alleges that the warrantless search of his video camera produced the only evidence against him, and that this search violated his Fourth Amendment right against unreasonable searches and seizures. We affirm.

FACTS

On October 31, 1995, at approximately 7:30 p.m., Amy Beucher and Junann Calmes were standing outside an apartment complex at 1765 Coliseum Street when a pickup truck with three men inside drove up. One of the passengers exited the truck and said, “trick or treat,” as he approached Ms. Beucher. Ms. Calmes saw a passenger inside the truck who pointed a gun at her and demanded money. The two women ran inside and reported the incident to the New Orleans Police Department. At approximately 9:00 p.m., police officers saw a pickup truck ^matching description given by the women and stopped it at St. Thomas Street and Jackson Avenue. One of the three persons in the truck was Merchant. The two women were taken to the scene where they identified Merchant as the gunman.
Officer Jake Schnapp observed an 8-mil-limeter video camera in the bed of the pickup truck. There was no battery in the video camera. However, while searching Merchant, Officer Schnapp found the battery in his pocket. Officer Schnapp put the battery in the camera and viewed the tape. He testified that the tape showed Merchant firing a 9-millimeter handgun. The tape did not indicate the date or time it was taken, but Officer Schnapp noticed that Merchant was wearing the same clothes that he wore in the videotape. He obtained a consent to search Merchant’s home from Merchant’s parents and found the gun.
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 1

In his sole assignment of error, Merchant complains the trial court erred in denying his motion to suppress the evidence, namely the videotape showing him firing the weapon. He argues that the warrantless viewing of the videotape violated his right to privacy under the Fourth Amendment, and he cites Walter v. United States, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980), as support.
In Walter, twelve sealed packages containing 871 boxes of 8-millimeter film depicting homosexual activities were addressed to “Leggs, Inc.,” but were mistakenly delivered to “L’Eggs Products, Inc.” When employees of the latter company opened the packages they found suggestive drawings and explicit descriptions of the contents. One employee attempted without success to view portions of the film by holding it up to the light. The packages were turned over to the F.B.I. and they viewed the films with a projector. The United States Supreme Court held that the F.B.I.’s viewing of the films without first obtaining pa search warrant violated the Fourth Amendment. The court stated that although the F.B.I. agents lawfully possessed the boxes, that lawful possession did not give *579 them authority to search their contents. The court noted that an officer’s authority to possess a package is distinct from his authority to examine its contents.
The State argues that the facts of the present case are different from those in Walter in that Merchant did not have a reasonable expectation of privacy because the' camera and videotape potentially contained either evidence of the earlier robbery attempt or were the fruits of another crime. The State also argues that the warrantless viewing of the videotape was justified as a means of determining ownership and to see if it contained footage of the attempted armed robbery even though neither of the victims reported seeing a camera.
In California v. Acevedo, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), the United States Supreme Court held that under the automobile exception to the warrant requirement, a police officer can search an automobile and the containers within, where he has probable cause to believe contraband or evidence is contained. Probable cause to search exists when a reasonable police officer has cause to believe, under the totality of the circumstances, that there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Brady, 585 So.2d 524 (La.1991).
In the present case, there was no testimony that anyone had reported the theft of a video camera by persons matching the descriptions of Merchant and his companions or that Merchant and his companions had used the video camera to film the attempted robbery of Ms. Beucher and Ms. Calmes. Under the circumstances, probable cause for the warrantless search was lacking.
The State further seeks to justify Officer Schnapp’s actions by asserting the inventory exception to the warrant requirement. The inventory exception does not |4provide a justification for the warrantless viewing of the videotape. To fall within the inventory exception, the State must prove that impounding the vehicle was necessary and that the inventory of the vehicle’s eon-tents was both necessary and reasonable in scope. State v. Short, 588 So.2d 151 (La.App. 4th Cir.1991).
Officer Schnapp’s testimony at the motion to suppress hearing and the preliminary hearing does not support the State’s contention that the search was for inventory purposes. The officer made no mention that he seized the camera and viewed it in an effort to inventory the truck’s contents prior to impoundment. He testified at the preliminary hearing he needed to see whether or not the camera belonged to one of the occupants of the truck or had been taken in another armed robbery. This was not a true inventory search, and the viewing of the vid- ’ eotape cannot be upheld on this basis.
Therefore, we find that the trial court erred in denying the motion to suppress the videotape, but did not error in denying the motion to suppress the gun. Both victims of the attempted armed robbery testified at the hearing on January 12, 1996, and identified Merchant as the person who had the gun. Thus, the videotape was not the only evidence proving that Merchant, a convicted felon, had a gun in his possession. Therefore, this assignment of error has no merit.

AFFIRMED.