WILLIAMS, J.
liThe defendant, Daryl Nelson, was charged by bill of information with possession of marijuana with intent to distribute, possession of cocaine with intent to distribute, and possession of a firearm by a convicted felon. The district court granted the defendant’s pretrial motion to suppress evidence seized from his vehicle. The state sought supervisory review of the trial court’s ruling and this court granted the writ to the appellate docket as to the suppression of evidence seized from defendant’s vehicle. For the following reasons, we recall the writ, deny the state’s applica *392 tion in part and affirm the suppression of the evidence.
FACTS
The record shows that on the morning of July 22, 2015, a confidential informant advised Officer Scotty Sadler, of the Monroe Police Department Metro Narcotics Unit, that defendant was in possession of a large amount of narcotics. After participating in a previous drug investigation, Officer Sadler was familiar with defendant and his residence at 117 Selman Drive. The informant reported that, on the previous night, defendant had displayed more than 4 ounces of crack cocaine and more than 2 pounds of marijuana while attempting to make a sale and that the narcotics remained in defendant’s home. The informant also provided a description of the vehicle driven by defendant and the name of the other drug dealer to whom the drugs were offered for sale the night before. Based on this information, Officer Sadler submitted to the district court an affidavit in support of a search warrant stating that the house at 117 Selman was identified as defendant’s residence and had been used to facilitate drug sales.
| aAfter obtaining the search warrant, Officer Sadler went to the residence accompanied by Officer Kris Fulmer to conduct surveillance in preparation for the execution of the warrant. Officer Heckard, another member of the Monroe Police Department Metro Narcotics Unit, set up surveillance behind the residence. Shortly after their arrival, the officers observed a vehicle matching the description provided by the informant pull into the driveway of 117 Selman. The vehicle remained at the house for a few minutes, then left. As the car passed Officers Sadler and Fulmer, they recognized the driver as defendant with an unidentified passenger in the vehicle. The officers contacted DEA Agents Zordan and Cowan, who were nearby in a vehicle with lights and a siren, to stop defendant. Agent Zordan had previously participated in the execution of a search warrant at defendant’s residence that resulted in his arrest on a narcotics charge. Officer Sadler wanted to make the stop far enough away from the residence so that no other possible target would be alerted to the police presence and impending search. The defendant’s vehicle was stopped approximately one mile from the residence.
After defendant exited his vehicle, he was detained by Officer Sadler and advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Officer Fulmer moved defendant’s vehicle from the roadway. The officers detained defendant at the location of the traffic stop for approximately five to ten minutes to allow the SWAT team time to secure the house. Defendant was driven to the residence by Agent Zordan and Officer Fulmer drove defendant’s vehicle to the house. While in defendant’s car, Officer Fulmer observed a bag on the front floorboard and |stouched it with his hand. Defendant had not consented to Officer Ful-mer’s operation of his vehicle.
Officer Sadler later testified at the preliminary exam that after returning to the house he again advised defendant of his Miranda rights, requested permission to search his vehicle and that defendant consented to the search. During the search, a bag of marijuana and a handgun were found in defendant’s vehicle. As a result of the residence search, police seized marijuana, cocaine, digital scales, Pyrex dishes used to cook crack cocaine, and approximately $10,000 in cash. Following the search of his residence, defendant was taken to the Metro Narcotics Unit office, was advised of his Miranda rights and made a statement to officers. Defendant was then arrested and charged with possession of *393 marijuana with intent to distribute, possession of cocaine with intent to distribute, and possession of a firearm by a convicted felon.
Prior to trial, defendant filed numerous motions, including a motion to suppress evidence seeking the exclusion of any statements made to officers and all property seized from his vehicle and residence. Defendant argued in part that he had not given free and voluntary consent to the search of his vehicle, and that all evidence seized as a result of that search should be suppressed. He also moved for a hearing under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), on the ground that the search warrant affidavit included an intentional false statement. The state opposed the defendant’s motions, alleging that he had voluntarily consented to the search of his vehicle after being advised of his Miranda rights and that he failed to show an intentional false statement was made.
14At the hearing on the motion to suppress, defense counsel argued that at the time defendant’s vehicle was stopped, he was improperly detained by officers and his vehicle was not mentioned in the search warrant. The defense stated that at the time of the alleged consent to the vehicle search there were approximately 19 to 28 armed officers present. Defendant testified that while he was being detained, he merely told the officers that they had already been in his vehicle when he was asked for permission to conduct a search.
Officer Sadler testified that at the house, he advised defendant of his Miranda rights and requested permission to search his vehicle. Sadler stated that defendant was nonchalant and commented that it did not matter what he said because the officers would get a warrant and search the vehicle anyway. Another state witness, Agent Co-wan, testified that he witnessed Officer Sadler advise defendant of his rights, heard Officer Sadler request permission to search the vehicle, and heard defendant’s consent to the search. Agent Zordan testified that he did not recall Officer Sadler’s recitation of rights, but that he heard Officer Sadler’s request to search the vehicle and defendant’s consent. All three officers testified that defendant was calm and relaxed throughout their contact with him.
After the hearing on the motion to suppress, the district court rendered an oral decision finding that the search warrant was legally sufficient and that all evidence seized from the residence was admissible, that the initial stop of defendant’s vehicle was valid and that the defendant’s statements to police following the searches of his house and car were admissible. However, based upon the “totality of the circumstances,” the district court determined that defendant had not voluntarily given consent to the search of | Khis vehicle and as a result all evidence seized from the ear must be suppressed. The court also granted defendant’s request for a Franks hearing.
The state then filed a writ application seeking review of the trial court’s decision excluding evidence from the vehicle and granting a Franks hearing. This court granted the writ, ordering that the issue of suppression of evidence seized from the defendant’s vehicle be docketed for appeal and reversing the trial court’s approval of a Franks hearing. State v. Nelson, 51,009 (La. App. 2d Cir. 7/1/16).
DISCUSSION
The state contends the police validly detained defendant at the time of the traffic stop. The state argues that the detention of defendant was permissible because he was a target of the search warrant for his house and police had rea *394 sonable suspicion to make the traffic stop.
The right of each individual to be secure in his person, house, papers and effects against unreasonable searches and seizures is guaranteed by the Fourth Amendment to the United States Constitution and Art. I, Sec. 6 of the Louisiana Constitution. Under the Fourth and Fourteenth Amendments, a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established exceptions. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). One such exception allows police officers executing a search warrant to detain the occupants of the premises while a proper search is conducted. Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Because police conducting a search have authority to detain absent a particular suspicion that a person is involved in criminal activity, a spatial constraint defined by the immediate vicinity of the premises to be searched is required Infer detentions incident to the execution of a search warrant. Bailey v. United States, 568 U.S. 186, 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013).
The factual situation in Bailey, supra, is very similar to that of the present case. In Bailey, officers conducting surveillance of an apartment in preparation for a search saw two men leave the building, get in a car and drive away. The officers stopped the vehicle approximately one mile away. They found keys during a pat-down search of Bailey. Both men were handcuffed and driven in a patrol car to the apartment, in which the search team had found illicit drugs. The men were arrested and police discovered that the key found on Bailey unlocked the door of the apartment. Bailey filed a motion to suppress the key and statements that he made to officers at the stop. The trial court found that the stop was justified as a detention incident to the execution of a search warrant under Summers. In the alternative, the couit found that the detention was supported by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
In Bailey, the U.S. Supreme Court found that the Fourth Amendment exception for detention incident to the execution of a search warrant is limited to the immediate vicinity of the search premises and did not apply where Bailey was detained at a point beyond any reasonable understanding of the immediate vicinity of the premises. The court stated that because detention is justified by the interests in executing a safe and efficient search, the decision to detain must be acted upon at the scene of the search and not at a later time in a more remote place. The court noted that if officers elect to defer the detention until later, the lawfulness of the detention is controlled by other standards, including'a brief stop for questioning under Terry or an arrest based on probable cause.
17Pursuant to Bailey, we find that the police officers in this case did not have authority to stop defendant based upon the search warrant because they failed to detain him within the immediate vicinity of the premises to be searched. Nor was the detention justified under Terry. Even if, as the state contends, there was reasonable suspicion to stop defendant’s car based on what the officers had seen at the house, after the stop any such suspicion did not develop into probable cause and defendant was not arrested. Instead of being questioned, defendant was frisked, handcuffed and placed in a police vehicle. Thus, the circumstances show that defendant was not stopped for questioning under Terry, but was immediately detained for the return to his residence. As acknowledged by Officer Sadler, defendant was told he was being detained because there was a *395 “search warrant at his house and that we needed to go back to his house while the search was being conducted.” Consequently, the record supports a finding that the evidence removed from defendant’s vehicle was derived from an unreasonable seizure of his person and must be suppressed. The state’s argument lacks merit.
Even if a detention is unreasonable, a valid consent to search cures any Fourth Amendment violation that may have occurred. United States v. Kelley, 981 F.2d 1464 (5th Cir. 1993). Thus, although we have found that defendant’s detention was illegal, we must also review the issue of consent.
The state contends the district court erred in granting defendant’s motion to suppress the evidence seized from his vehicle. The state argues that this evidence should not be excluded because defendant, while being detained, voluntarily consented to the search of his vehicle with full knowledge of his right to refuse the request.
RAs previously stated, the United States and Louisiana Constitutions prohibit unreasonable searches and seizures and a warrant based on probable cause is normally required for a valid search. Another exception to the warrant requirement is a search conducted pursuant to validly given consent by a person possessing authority to consent. Georgia v. Randolph, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Raheem, 464 So.2d 293 (La. 1985). Valid consent must be (1) free and voluntary, in circumstances that indicate the consent was not the product of coercion, threat, promise, pressure or duress that would negate the voluntariness; and (2) given by someone with apparent authority to grant consent, such that the police officer reasonably believes the person has the authority to grant consent to search. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).
The question of whether consent to a search was “voluntary” or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances. Schneckloth, supra; State v. Sera, 43,704 (La.App. 2d Cir. 10/29/08), 997 So.2d 707. Oral consent to search is sufficient and written consent is not required. State v. Shed, 36,321 (La.App. 2d Cir. 9/18/02), 828 So.2d 124, writ denied, 2002-3123 (La. 12/19/03), 861 So.2d 561. The state has the burden of proving that the consent was freely and voluntarily given. Schneckloth, supra. While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge to prove effective consent. Schneckloth, supra.
|9A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. LSA-C.Cr.P. art. 703(A). A trial court is afforded great discretion when ruling on a motion to suppress, and its ruling will not be disturbed absent abuse of that discretion. State v. Thompson, 2011-0915 (La. 5/8/12), 93 So.3d 553; State v. Lee, 2005-2098 (La. 1/16/08), 976 So.2d 109, cert. denied, 555 U.S. 824, 129 S.Ct. 143, 172 L.Ed.2d 39 (2008). When a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference and may not overturn those findings unless there is no evidence to support those findings. Thompson, supra; State v. Wells, 2008-2262 (La. 7/6/10), 45 So.3d 577. If evidence was derived from an unreasonable search *396 or seizure, the proper remedy is exclusion of the evidence from trial. State v. Benjamin, 97-3065 (La. 12/1/98), 722 So.2d 988.
This court has previously considered the issue of whether an accused’s consent to a search was validly given. In State v. Kendrick, 35,233 (La.App. 2d Cir. 12/5/01), 804 So.2d 719, writ denied, 2002-0562 (La. 11/1/02), 828 So.2d 563, a vehicle was stopped for a traffic violation by police. After learning that the vehicle was an overdue rental, the officers requested consent to search the vehicle. The investigating officer testified that the driver “looked at [the vehicle], she looked at the consent list, she looked at me and she said, just go ahead and look.” In contrast, the driver testified that the officer informed her that she “had the right to either sign [the consent form] or he could search anyway.” She then told the officer to go ahead. In its consideration of the motion to suppress, the trial court was [ inable to see, hear and evaluate the credibility of the officers and the driver. Faced with conflicting testimony on whether the driver verbally consented to the search, the trial court made a credibility determination in favor of the officers. This court affirmed the finding that the statements of the driver constituted voluntary consent to search the vehicle.
In Sera, supra, the accused was a passenger in a truck that was stopped by officers on the highway. The driver was asked to consent to a search of the vehicle after being informed of his right to refuse the search and his right to suspend the search at any point. The driver consented to the search and cocaine was found in the truck. This court affirmed the trial court’s denial of the motion to suppress based upon the officer’s testimony that the driver understood his rights and gave consent to the search.
In the present case, defendant’s vehicle was stopped because of the search warrant issued for his residence. Officer Sadler testified that, when consent was requested, defendant “just kind of shrugged it off. It was like go ahead, I don’t caret.]” The defendant denied consenting to the search and testified that when asked for consent he responded that “he was already in [the] car,” because one of the officers drove his vehicle back to the residence from the location of the stop. Agents Cowan and Zordan testified that defendant consented to the search and did not object to having the vehicle searched. Officer Sadler stated that he did not inform defendant of his right to refuse consent to search because “any reasonable person would understand” that he could say no.
Agent Cowan testified that he did not see an officer apply any type of physical or verbal pressure toward defendant when requesting consent to search his vehicle. However, defendant asserted that he was concerned for [nhis wife at the time of the search and believed that she might be arrested. Defendant testified that at the time consent to search his vehicle was requested, he was in handcuffs, had been driven back to his residence by officers, advised of his Miranda rights, and that there were approximately 20 armed officers present. He stated that, while the officers did not have them weapons pointed at him, the weapons were not holstered.
Although the state argues that defendant’s calm demeanor and failure to object to the search were evidence of his consent, his demeanor, while part of the circumstances to be considered, does not, in and of itself, prove that he freely and voluntarily consented to the search of his vehicle. In the cases of Kendrick and Sera, the trial court made a credibility determination in deciding a motion to suppress. The district court has wide discretion in assessing credibility and a reviewing court should not disturb the trial court’s ruling on a *397 motion to suppress absent abuse of that discretion. Thompson, supra,
Although the officers in this case testified that defendant verbally consented to the search, Officer Sadler stated that when asked for consent, defendant “made the comment, he was like, it don’t matter what I say[.]” The defendant asserted that he did not give explicit consent to the search of his car. The trial court considered the circumstances of the detention and evaluated the credibility of the witnesses in making the determination that defendant did not give free and voluntary consent to the search. Based upon the conflicting testimony and the factual situation shown in this record, we cannot say the district court abused its discretion in granting defendant’s motion to suppress the evidence seized as a result of the search of his vehicle. The state’s argument lacks merit.
I ipThe state’s brief raises three issues, search incident to arrest, the vehicle exception to the warrant requirement, and inevitable discovery, as alternative bases for the warrantless search of defendant’an car. U.R.C.A. Rule 1-3 provides that an appellate court “will review only issues which were submitted to the trial court.” These issues were not submitted to the trial court and are not reviewable on appeal. Even if considered by this court, none of the issues would provide justification for the search of the defendant’s vehicle.
Once a police officer makes a lawful custodial arrest of a vehicle’s occupant, the Fourth Amendment allows the officer to search the vehicle’s passenger compartment as a contemporaneous incident of arrest, even when an officer does not make contact until the person arrested has already left the vehicle. Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009); Thornton v. U.S., 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004). In this case, the state admitted that, at the time of the stop and his detention, defendant was not under arrest. Further, defendant was not arrested until after the search of the residence and car, so the search of his vehicle could not have been incident to his arrest.
Another exception permits the warrantless search of a vehicle based upon the vehicle’s mobility, an exigency sufficient to excuse failure to obtain a search warrant once probable cause to conduct the search is clear, even if a warrant is not actually obtained. Thus, if a vehicle is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more. Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996). Here, unlike the cases of Labron and Dyson, there was no showing that police saw defendant place drugs in the car or had received information that drugs were being transported in the vehicle. Thus, the state did not demonstrate probable cause to believe that the car contained contraband as a basis for a warrantless search.
The doctrine of inevitable discovery provides that, if the evidence sought to be excluded would be admissible if in fact discovered through an independent source, it should be admissible if it inevitably would have been discovered. Lee, supra. The State bears the burden of proving by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means. Lee, supra; State v. Vigne, 2001-2940 (La. 6/21/02), 820 So.2d 533. Citing State v. Brumfield, 560 So.2d 534 (La. App. 1st Cir. 1990), the state argues that, had no consent been given, defendant’s *398 vehicle would have been secured as evidence of a crime, inventoried, and the illegal items inevitably found. In Brumfield, because the vehicle could not be legally driven away and its ownership was not ascertainable at the time defendant was taken into custody, the police had the right to impound the vehicle and inventory its contents. Here, however, the record indicates that if not for the improper detention of defendant based on the search warrant for the house, then the vehicle would not have been present on the premises or available for impoundment by police. Thus, the state failed to show that the items inevitably would have been discovered by other lawful means.
This court granted the state’s writ application to review the district court’s ruling granting in part the defendant’s motion to suppress evidence, After reviewing the record and the applicable law, we cannot say the district 114court erred in granting the defendant’s motion to suppress evidence seized from his vehicle. Consequently, the assignment of error lacks meiit.
CONCLUSION
For the foregoing reasons, the writ is recalled, the state’s application is denied in part and the district court’s ruling granting the defendant’s motion to suppress evidence seized from his vehicle is affirmed.
AFFIRMED.